UNITED STATES v. COULBY.

(District Court, N. D. Ohio, E. D. June 26, 1918.)

No. 9771.

1. TAXATION ⬤⟿204(2)—STATUTES—EXEMPTIONS.
     Exemptions in a tax law must be clearly expressed, and will not be implied or spelled out of equivocal language.

2. INTERNAL REVENUE ⬤⟿7—INCOME TAXES—PROPERTY SUBJECT.
     Under Income Tax Law 1913, § 2, subds. B, D, G, a member of a partnership need not include as part of his net income subject to tax that part derived from or through a partnership, which has been received by the firm as dividends on stocks owned by it in corporations taxable on their net income, for it is apparent that Congress disregarded a partnership; it having no legal entity as a corporation.

3. INTERNAL REVENUE ⬤⟿7—INCOME TAX ACT—CONSTRUCTION.
     The provision of Income Tax Law, 1916, that members of partnerships shall be allowed credit for their proportionate share of partnership gains and profits derived from corporations taxable on their net income *held* a mere declaration of the rule under Income Tax Law 1913, and not legislative recognition of a change.

At Law. Action by the United States against Harry Coulby to recover alleged unpaid income taxes. Judgment for defendant.

E. S. Wertz, U. S. Atty., of Cleveland, Ohio.

Hoyt, Dustin, Kelley, McKeehan & Andrews, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. This is an action at law to recover $588.45, with interest and penalties thereon, alleged to be due as unpaid income tax for the nine months ending December 31, 1913, under the federal Income Tax Law of 1913. A jury trial was waived by the parties, and the case has been submitted to me for decision upon an agreed statement of facts. Briefly the facts are these:

The defendant, during the period in question, was a member of a partnership by the name of Pickands, Mather & Co. This partnership was then the owner of stocks in certain corporations, which were taxable upon their net income under the provisions of section G of the Income Tax Law. Dividends were declared and paid by these corporations upon the stocks held therein by the partnership. The defendant, in making return of his income for taxation, included as a part of his gross income his share of the profits of the partnership, but deducted therefrom such part thereof as was derived by or through the partnership from dividends on stocks in these corporations taxable upon their net income.

Later, on or about June 27, 1917, the Commissioner of Internal Revenue examined the defendant's return and disallowed the deductions thus made and assessed the normal tax of 1 per cent. against the defendant on such. deduction. The item of $588.45 represents that assessment.

[1, 2] The exact question presented for decision is whether or not a member of a partnership must include, as a part of his net income subject to the normal tax, such part of his income derived from or through a partnership which has been received by that partnership as dividends on stocks owned by it in corporations taxable upon their net income under section G of the federal Income Tax Law of 1913 (Act Oct. 3, 1913, c. 16, § 2, 38 Stat. 172). Plaintiff's contention that profits thus derived are a part of the partner's net income, and subject to the normal tax, is based on the following paragraph of section D:

"Provided further, that any persons carrying on business in partnership shall be liable for income tax only in their individual capacity, and the share of the profits of a partnership to which any taxable partner would be entitled if the same were divided, whether divided or otherwise, shall be returned for taxation and the tax paid, under the provisions of this section."

An examination of the entire Income Tax Law convinces me that plaintiff's contention is erroneous. Section B defines what shall constitute the net income of a taxable person; it includes his gains, profits, and income derived, not merely from salaries, wages, or compensation, for personal service, but also from businesses, trade, commerce, or sales or dealings in property, or the transaction of any lawful business carried on for gain or profit. This plainly includes such gains and profits derived from or through a partnership.

Section B also states what deductions shall be made from the gross income of a taxable person, in order to ascertain the net income for the purpose of levying the normal tax. Among these deductions is the amount received as dividends upon the stock or from the net earnings of any corporation, joint-stock company, association, or insurance company which is taxable upon its net income.

Section G provides for the normal tax upon the entire net income of corporations. It expressly excludes partnerships therefrom. This net income of corporations is subject only to the normal tax, such as is levied on the income of any natural taxable person, and not to the additional tax provided for by subdivision 2 of section A. This income from corporations received by a natural taxable person is

exempt only from the normal income tax, and not from such additional tax.

Taking these provisions as a whole, the paragraph of section D, relating to partnerships, above quoted, must be considered and construed in the light of the general scheme thus outlined. No provision is anywhere made requiring a return to be made by a partnership upon its income. This is true, notwithstanding section D requires copartnerships, having the control, receipt, disposal, or payment of fixed income of another person subject to tax, to make a return in behalf of that person, and to deduct the same. This provision deals with the fiduciary relationship of guardians, trustees, executors, etc., having the possession and control of other persons' property; but, as regards an ordinary partnership and its ordinary business, the statement is true that no return is required to be made under the federal Income Tax Law of 1913 by a partnership.

Partnerships are expressly excluded from section G, requiring returns and payment of the normal tax by corporations. If Congress had intended that partnerships, as such, should be taxable upon their net income, the logical place to have so provided would have been in section G, and to have excluded from the net income of a natural taxable person, subject to the normal tax, that part of his income derived from a partnership, just as is provided with respect to his income derived from a corporation.

This law, therefore, ignores for taxing purposes the existence of a partnership. The law is so framed as to deal with the gains and profits of a partnership as if they were the gains and profits of the individual partner. The paragraph above quoted so provides. The law looks through the fiction of a partnership and treats its profits and its earnings as those of the individual taxpayer. Unlike a corporation, a partnership has no legal existence aside from the members who compose it. The Congress, consequently, it would seem, ignored, for taxing purposes, a partnership's existence, and placed the individual partner's share in its gains and profits on the same footing as if his income had been received directly by him without the intervention of a partnership name.

It follows, from these considerations, that legally the defendant's share of the gains and profits of Pickands, Mather & Co., derived from corporations taxable on their net incomes, is to be treated as if the same had been received by him directly from the taxpaying corporations. The contrary contention is based on a literal reading of the words:

"The share of the profits of a partnership to which any taxable partner would be entitled if the same were divided, whether divided or otherwise, shall be returned for taxation and the tax paid."

This sentence follows language plainly ignoring the existence of partnerships for taxing purposes. Section B had already provided what should be regarded as net income in language sufficiently comprehensive to include the gains and profits from business carried on in a partnership name. The words just quoted evidently apply only to the possibility that a partnership might not divide its gains and

profits, but retain them in the firm name or business. It was to meet this possibility that these words were added, and not to provide an unequal and unique method of taxing a partner's gains and profits from a partnership.

The contention to the contrary is narrow and literal, even if not lacking in plausibility. It is a contention, however, contrary to the spirit and general policy of the act; it destroys uniformity and equality, and should not be adopted, unless required by the express language of the statute. In my opinion, the language of the statute does not so require; but, on the contrary, when the entire act is examined, it does give a right to the deduction.

Counsel for plaintiff invoke the legal principles that an exemption in a tax law must be clearly expressed, and will not be implied; that power to tax will not be taken away, unless the law-making power has done so in clear and unequivocal language; and that, inasmuch as uniformity and equality is difficult, if not impossible, of attainment in tax laws, the inequality which might result from the government's contention should not be permitted to control the language of the law. Numerous authorities illustrating these legal principles are cited. These principles are well settled, and I assume ample power in Congress to have assessed defendant's income derived from a partnership in the manner contended for. It is my opinion, however, that Congress has not done so.

The foregoing principles and authorities cited in support thereof are not those properly applicable in this situation. The principles in point are those stated in Gould v. Gould, 245 U. S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211, where it was held that alimony allowances are not income within the meaning of the 1913 Income Tax Law; that is to say, in the interpretation of statutes levying taxes, it is the established rule not to extend their provisions by implication beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out, and that in case of doubt they are to be construed most strongly against the government and in favor of the citizen. To the same effect are United States v. Wigglesworth, 2 Story, 369, Fed. Cas. No. 16,690; American Net & Twine Co. v. Worthington, 141 U. S. 468, 474, 12 Sup. Ct. 55, 35 L. Ed. 821; Benziger v. United States, 192 U. S. 38, 55, 24 Sup. Ct. 189, 48 L. Ed. 331.

[3] Counsel for plaintiff call attention to the fact that the federal Income Tax Law of September 8, 1916 (39 Stat. 756, c. 463), now provides that members of partnerships shall be allowed credit for their proportionate share of partnership gains and profits derived from corporations taxable on their net income, and urge that this is a change of the law, and evidences a belief of the law-making body that the 1913 Income Tax Law had provided differently. I do not agree with this contention. In my opinion, this provision was inserted in the 1916 act to put at rest the present controversy, rather than to change the law, and is to be regarded only as a legislative recognition of the scope and intent of the prior law. The applicable authorities, in my opinion, are the following: Bailey v. Clark, 21 Wall. 284, 22 L. Ed. 651; Johnson v. Southern Pacific Co., 196 U. S. 1, 25 Sup. Ct. 158,

49 L. Ed. 363; Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265.

Judgment is rendered in favor of defendant. An exception may be noted on behalf of plaintiff.