## UNITED STATES v. COULBY.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1919.)

No. 3233.

1. STATUTES ☞219—CONSTRUCTION OF INCOME TAX LAW—DEPARTMENTAL DECISION—CONFLICT.

Where the Internal Revenue Department decided a question under the Income Tax Law two ways, neither decision can be given the effect usually given to an established practice of an executive department.

2. INTERNAL REVENUE ☞7—INCOME TAXES.

Under Income Tax Law 1913, a member of a partnership need not include as part of his net income, subject to tax, funds derived from or through the partnership, which has been received by the firm as dividends on stocks owned by it in corporations taxable on their net income.

3. INTERNAL REVENUE ☞4—INCOME TAX ACT—CONSTRUCTION.

In case of ambiguity in the Income Tax Act of 1913, the language is to be construed most strongly in favor of the taxpayer.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Harry Coulby against the United States. There was a judgment for plaintiff, and the United States brings error. Affirmed.

The opinion of the District Judge is reported in 251 Fed. at page 982.

Joseph C. Breitenstein, Asst. U. S. Atty., of Cleveland, Ohio.
A. C. Dustin, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. [1] This case presents the question: Whether the portion of a dividend which was paid on corporate shares to a partnership holding such shares as an asset, and which portion was ultimately paid to a member of the firm as his proportionate share of the firm's profits, was, within the true meaning of the Federal Income Tax Act of 1913 (Act Oct. 3, 1913, c. 16, 38 Stat. 114), net income in the sense that the corporation and the partner were each bound to pay thereon the normal tax of 1 per cent.; in a word, was it the purpose so to tax the same dividend twice? The question has been decided both ways in the Internal Revenue Department (Montgomery's Income Tax Procedure [Ed. 1918] pp. 231, 232); and hence the effect usually given to an established practice of an executive department

charged with the execution of a statute has no present relevancy. The court below denied recovery, and the government brings error.

[2, 3] The facts of the case and the question involved, as well as the manner in which the issue was made and tried, are fully set out in the opinion of Judge Westenhaver; and in view of his discussion of the Income Tax Act of 1913, and of the effect upon that act of the later one of 1916 (Act Sept. 8, 1916, c. 463, 39 Stat. 756), an opinion here would not accomplish any useful end. We concur in and adopt the conclusion reached. However, the statement made in the opinion that a partnership has no legal existence, aside from the members who compose it, is too broad, as, for instance, in view of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. § 9585 et seq.]), yet as applied to the particular portion of the statute and the question in hand it is correct, and with this explanation we approve the reasoning of the opinion.

It may be added that, unless the construction placed on the statute by the learned trial judge is the natural and the rational one (38 Stat. pp. 166, 167, 169, 172), the language of the act is of such doubtful import as to require it to be construed most strongly against the government and in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 153, 38 Sup. Ct. 53. 62 L. Ed. 211: Knowlton v. Moore, 178 U. S. 42, 47, 20 Sup. Ct. 747, 44 L. Ed. 969; State of Ohio v. Harris, 229 Fed. at pages 892, 898, 144 C. C. A. 174 (C. C. A. 6).

It results that the judgment must be affirmed.