## APPEAL OF ANTON M. MEYER.

Docket No. 5737.    Submitted February 13, 1926.    Decided April 20, 1926.

1. Profit on the casual sale of personal property in 1921 can not be returned on an installment basis if the initial payment exceeds one-fourth of the purchase price.

2. A loss sustained in 1920 by a partnership is deductible by the individual partners in proportion to their interest therein and serves to reduce each partner's capital investment in the partnership.

3. Held, when an interest in a partnership is sold for cash and notes and the notes have no readily realizable market value, the cash should be used to reduce the basis, and no taxable income arises until the capital is first recovered.

William S. Oppenheim, Esq., for the taxpayer.
George G. Witter, Esq., for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner determined a deficiency in income tax for the calendar year 1921 in the amount of $18,212.89. The deficiency arises primarily from the sale by the petitioner of his interest in the partnership of Ginocchio, Costa & Co.

FINDINGS OF FACT.

In the year 1896 the petitioner, together with Louis Ginocchio and Peter Costa, organized the copartnership of Ginocchio, Costa & Co., for the purpose of conducting a wholesale fruit business in the City of Chicago, Ill., each member having a one-third interest therein, and the partnership so formed continued in business until December 6, 1921, when the petitioner sold his interest therein to George F. Cella.

In the year 1920 the copartnership sustained a loss and the petitioner's proportion thereof was $13,841.30.

The petitioner withdrew from the firm of Ginocchio, Costa & Co. during the year 1920 the sum of $17,783.74, which included the salary paid the petitioner by the partnership for that year in the sum of $5,000.

In the early part of the year 1921, dissension arose between the petitioner and his copartners over a suggestion of the latter that the business be incorporated, a suggestion with which the petitioner was not in accord. After extended discussion, the petitioner agreed to sell his interest in the partnership to George F. Cella, an employee of the partnership, for the sum of $275,000, payable $100,000 in cash and $175,000 in notes executed by Cella, with Ginocchio and Costa as sureties. A formal contract was entered into on December 6, 1921, which embodied the terms theretofore agreed upon, whereupon the petitioner conveyed and transferred to Cella his interest in the partnership and received as the purchase price the sum of $100,000 in cash and seven notes for the principal sum of $25,000 each, the first of which was due on June 6, 1922, and one every six months thereafter until June 6, 1925, each note bearing interest at the rate of 7 per cent. The notes were executed by Cella as principal and Ginocchio and Costa as sureties. The contract of sale provided that, should the makers of the notes sell or dispose of their interest in the copartnership of Ginocchio, Costa & Co. without the written consent of the petitioner prior to the payment of all of the notes, then, at the option of the petitioner, all of the remaining notes could be declared by him immediately due.

Neither Cella, Ginocchio, nor Costa individually had any financial rating, and practically all the property owned by them was represented by their interest in the copartnership of Ginocchio, Costa & Co. The notes received by the petitioner were not marketable, except at a great discount, and their payment depended to a considerable extent upon the ability of the makers successfully to carry on the partnership business.

The petitioner withdrew on account of salary from the partnership during the year 1921 up to the 6th of December, 1921, the sum

of $4,504.27, and this amount was returned by him as income. The petitioner's distributive share of the partnership earnings for the period from January 1, 1921, to Decemmber 6, 1921, the date the petitioner sold his interest in the partnership to Cella, was $22,524.12.

The Commissioner computed the taxable profit on the sale of the petitioner's interest in the partnership upon the basis of the cost of such interest on December 6, 1921, of $223,311.64, and determined a profit on the sale of $51,688.36, to which amount was added the sum of $22,524.12, being that portion of the profits of the co-partnership earned during the year 1921 which would have been apportioned to the petitioner had he not sold his interest in the same to Cella. In arriving at the valuation of $223,311.64, the Commissioner deducted from the cost price of the petitioner's interest a loss of $13,841.20, which was the petitioner's proportion of the loss sustained by the partnership for the year 1920, and also the sum of $17,783.74, which was the full amount of money received by the petitioner from the partnership in 1920 and included his salary of $5,000 for services rendered to the firm for that year.

The petitioner reported his income on the cash receipts and disbursements basis.

OPINION.

ARUNDELL: The Commissioner has treated the sale of the petitioner's interest in the partnership of Ginocchio, Costa & Co. as a closed and completed transaction in 1921, and the difference between the sale price and the cost or March 1, 1913, value of the property sold has been taxed as income. To do so it was necessary to find, and the Commissioner did find, that the notes given for the deferred payments were the equivalent of cash to the extent of their face value. The petitioner is urging that the transaction be treated as an installment sale and taxed accordingly. In support of his position he relies on section 202 (f) of the Revenue Act of 1921, but this section must now be read in the light of sections 212 (d) and 1208 of the Revenue Act of 1926. Section 212 (d), which, by section 1208 is made to apply retroactively to the 1921 Act, provides as follows:

SEC. 212. * * * (d) Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above

prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

The above serves to limit the installment method of reporting income to cases where the initial payment does not exceed one-fourth of the sale price, and we have here an initial payment of four-elevenths of the sale price. Clearly, this method can not be availed of by the petitioner and we are left to treat the income as did the Commissioner, unless other provisions of the Act impel us to a different conclusion.

Section 202 (c) and (e) of the 1921 Act provides:

SEC. 202. * * * (c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; * * *.

(e) Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess; * * *.

Article 1564 of Regulations 62, interpreting the above section, provides:

Property has a readily realizable market value if it can be readily converted into an amount of cash or its equivalent substantially equal to the fair value of the property. In other words, the property received in exchange must be readily marketable at substantially its fair value in order that a gain or loss be recognized.

The proof satisfies us that the notes had no readily realizable market value at the time of their receipt. Two bank officials, familiar with the business and commercial standing of the partnership of Ginocchio, Costa & Co. and the individual credit ratings of its members, stated in no uncertain terms that there was no market for the notes. While the partners were conducting a going business and a successful one, all their property, except an insignificant amount, was invested in the copartnership. In the event of trouble, the partnership indebtedness must be first paid. Should the partnership affairs be liquidated, all of the partnership debts must be satisfied in full before any money would be available from that source with which to pay the individual obligations of the respective partners. It follows that the petitioner should be first permitted to recover his capital invested in the copartnership, and, when this amount has been returned to him, the remainder should be returned as taxable income in the years in which the obligations are satisfied.

We think the Commissioner correctly reduced the cost of the petitioner's interest in the partnership by his proportion of the loss sustained in 1920. In the case of an individual partner, the law taxes his pro rata share of the gain of the partnership and allows as a deduction his pro rata share of the losses, computed upon the basis of the gains or losses of the accounting period of the partnership ending within his taxable year. *United States* v. *Coulby*, 251 Fed. 982; 258 Fed. 27. The petitioner sustained a loss in 1920 in proportion to his interest in the partnership, which proportionate interest has been found to be $13,841.20, and the petitioner's capital investment in the partnership must be reduced accordingly.

The method employed by the partnership in keeping its accounts was to deduct the salaries allowed the individual partners as ordinary and necessary expenses, and the distributive share of the partners' profits in the partnership reflected only the partners' profits after making those deductions. Of the $17,783.74 withdrawn in 1920, $5,000 represented the salary account and $12,783.74 was charged against the taxpayer's partnership account. This latter amount alone, under the method of bookkeeping adopted by the partnership, represented a capital withdrawal.

From the foregoing it is evident that the petitioner's income for the year 1921 should include the amount of $4,504.27, paid to him by way of salary, and his distributive share of the partnership profits for the period from January 1, 1921, to December 6, 1921, together with income from other sources, but not from the sale of his interest in the partnership business.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*