LEO SCHWARTZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JULIUS RICH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8473, 8697. Promulgated June 8, 1927.

1. The 25 per cent reduction provided by Title XII, Revenue Act of 1924, is applicable literally to the tax payable in 1924 shown on returns for 1923, and does not reduce the 1924 tax payable in 1925 of an individual partner whose 1924 taxable income is made up in part of a share of partnership income for a fiscal year beginning in 1923.

2. In arriving at the " earned income " of a partner there shall be included in the partner's share of the distributable profits of the partnership the salary received from the partnership, and not in excess of 20 per centum of such share of the profits may be considered as earned income.

*M. D. Cohen, C. P. A.*, for the petitioners.
*D. D. Shepard, Esq.*, for the respondent.

These are proceedings for the redetermination of deficiencies in income tax for the year 1924 in the amount of $104.78 in the case of Leo Schwartz, and of $63.82 in the case of Julius Rich. The cases were consolidated for the purpose of decision. Each petitioner alleges error on the part of the Commissioner (1) in failing to give him a credit of the 25 per cent reduction in tax provided by Title XII of the Revenue Act of 1924 on such part of his taxable net income for 1924 as is taxable at 1923 rates, and (2) in computing each petitioner's earned income credit on the minimum amount of $5,000.

FINDINGS OF FACT.

The petitioners are members of the partnership of Rich, Schwartz & Joseph of Nashville, Tenn. The firm is a dealer in ladies' ready-to-wear. It has been in existence for many years. During the year 1924 the partnership was composed of three members, the two petitioners and Arthur J. Joseph.

For many years the partnership books have been kept upon a fiscal year basis ending June 30. The partners have made individual income-tax returns upon the basis of the calendar year. The share of the profits of the partnership for the fiscal year ended June 30, 1924, credited to each of the petitioners was $4,404.04. All of this income was reported in each petitioner's individual income-tax return for the calendar year 1924, but each showed that one-half of his share of the partnership profits, or $2,202.02, was taxable at rates for the calendar year 1923, and that the other one-half, or $2,202.02, was taxable at rates for the calendar year 1924. Each petitioner showed on his return the total tax on the $2,202.02 falling within the calendar year 1923 at the original 1923 rates and claimed a deduction from the total tax of 25 per cent of the amount thereof under the provisions of Title XII of the Revenue Act of 1924. The amount of the credit thus claimed in the case of Leo Schwartz was $62.28 and in the case of Julius Rich $55.07. The respondent has disallowed these credits in the computation of deficiencies.

In the computation of the net income of the partnership for the purpose of determining the distributable shares of net income the partnership first deducted from gross income salaries payable to the partners in the aggregate amount of $24,000. For many years it had been the practice of the partnership to deduct from gross income salaries for the partners in the determination of the net income. Prior to July 1, 1920, the salary paid to each partner was $5,000. This salary allowance was based upon an oral agreement between the partners. On July 3, 1920, the partners entered into a written agreement which was to continue for a period of 5½ years from July 1, 1920, which declared in part:

(2) Said partnership shall commence as of the date of July 1st, 1920, and shall continue for the term of five and one-half (5½) years from date, thereby ending December 31st, 1925.

(3) As of July 1st, 1920, each of the three partners had a one-third interest in the stock in trade, money, assets, credits, and things belonging to and owing to said firm, and of all such matters as are generally included in annual accounts.

(4) Each of the three partners shall be paid a salary of Eight Thousand ($8000.00) dollars per annum, which shall be charged to the expense of carrying on and conducting the business; and before a division of profits; the net profits of the business shall accrue to each of the three partners in equal parts.

\* \* \* \* \* \* \*

(8) As a material consideration for the execution of this contract said Julius Rich and Arthur J. Joseph hereby agree that during each year for the full term of this contract they will have charged to their respective stock accounts, on the books of the firm, the aggregate sum of Thirty Five Hundred ($3500.00) Dollars, as follows: Twelve Hundred and Fifty ($1250.00) Dollars of said amount to be charged to the stock account of Julius Rich, and Twenty-two Hundred and Fifty ($2250.00) Dollars to be charged to the stock account of Arthur J. Joseph; and the aggregate amount of both items, is to be credited to the stock account of said Leo Schwartz, on the books of the firm. The first amounts so charged and credited shall be as of July 1st, 1921, and like amount for each succeeding year during the life of this contract.

(9) Should either of the partners suffer from sickness at any time, which should incapacitate him from attending to the duties incumbent on him in said partnership, and should such sickness or disability prevent him from being at the store, then and in such case, and in consideration of the good fellowship and friendly feeling existing, it is mutually agreed that the full interest in the business of such invalided or sick partner, shall remain and be in full force and effect, regardless of the duration of such inability to attend to business, and the consequent absence from the store, during the full term of this partnership agreement.

The earnings of the partnership for the fiscal year ended June 30, 1924, before the deduction of salaries for partners, was $37,212.12. Schwartz received $15,904.04; Rich, $11,154.04; and Joseph, $10,154.04. In their individual income-tax returns for 1924 Leo Schwartz claimed as earned income $10,000 and Julius Rich either $8,000 or $6,750. The respondent determined deficiencies in each case upon the basis of an earned income of only $5,000.

### OPINION.

SMITH: The decision on the first question involved in these proceedings is governed by the Board's decisions in *Charles Colip*, 5 B. T. A. 123, and *Walter A. DeCamp*, 6 B. T. A. 897. In accordance therewith the question must be resolved adversely to the petitioners.

The second question relates to the "earned income" of each petitioner for the calendar year 1924. Each was a member of a partner-

ship which provided in its partnership agreement for the payment of salaries to members. Under the agreement each of the three partners was to receive a salary of $8,000 per year. By reason of the fact that Leo Schwartz rendered more valuable services to the partnership than those rendered by the other partners, the partnership agreement provided, as indicated in the findings of fact, that certain credits should be made to the account of Schwartz and deducted from the stock accounts of Rich and Joseph for the purpose of adequately compensating him for services performed. So far as the record shows these credits were to be made to Schwartz even though the net result of the partnership operations was a loss in any year. Schwartz claims that his earned income for the year 1924 was $8,000 from the partnership and $3,500 additional from Rich and Joseph. Rich claims that his earned income for the year was $8,000.

Section 218(a) of the Revenue Act of 1924 provides in part:

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity.

Subsection (c) of the same section provides:

The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212 except that the deduction provided in paragraph (10) of subdivision (a) of section 214 shall not be allowed.

Section 209 of the Act provides in part as follows:

(a) For the purposes of this section—

(1) The term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

(2) The term "earned income deductions" means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against earned income.

(3) The term "earned net income" means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $10,000.

*        *        *        *        *        *        *

(c) In the case of the members of a partnership the proper part of each share of the net income which consists of earned income shall be determined

under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in section 218.

The only regulations which the respondent has promulgated relating to this section are articles 1661 and 1662 of Regulations 65. The former provides—

* * * The earned income credit will be allowed to the members of a partnership with respect to the share of the net income belonging to each which consists of earned income. There must be included in the return of the partnership a statement showing (1) the amount of earned income as defined in article 1662, and (2) the names of the members and the amounts of their respective shares of earned income.

Article 1662 provides in part:

The term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income-producing factors, a reasonable allowance in compensation for personal services actually rendered by the taxpayer shall be considered as earned income, but the total amount which shall be treated as the earned income of the taxpayer from such trade or business shall, in no case, exceed 20 per cent of his share of the net profits of such trade or business.

Although subdivision (c) of section 209 of the taxing statute contemplates that the Commissioner shall make regulations for the purpose of determining the earned income of a partner, the application of the above quoted regulations to the case at bar is somewhat obscure. The fair inference to be drawn from them is that where partners are engaged in a trade or business in which both personal services and capital are material income-producing factors, the 20 per cent limitation on the share of the profits which may be considered earned income provided for by subsection (1) of paragraph (a) of section 209 of the taxing statute is applicable. That the Commissioner has so interpreted his regulations is clear from the fact that form 1065-A, upon which partnerships were required to make returns for 1924, provides that any amounts paid as salaries to partners shall be included in the distributable net income and that they shall not be deducted from gross income in arriving at the net income.

In Mimeograph 3283, C. B. IV-I, p. 14, Ruling No. IV-9-2045, it is stated:

(c) In the case of a partnership which is engaged in a trade or business in which both capital and labor are material income-producing factors, each partner who renders services may consider as reasonable compensation for such services an amount not in excess of 20 per cent of his share of the net profits of the partnership. A member of the partnership who does not render services to the partnership may not consider any part of his share of the profits as earned income.

(e) Attention is called to the fact that in the forms for 1924, salaries paid to the individual members of a partnership are not to be deducted in computing the net profits of the partnership, and the members do not report the salaries received from the partnership in item 1, Form 1040, as salary, but include such salary in the profits from the partnership, which are reported in item 4, Form 1040. If the partnership is engaged in a business in which capital is not a material income-producing factor, it will not be necessary for column 4 of item 13, Form 1065, to be filled in, since the 20 per cent limitation does not apply. An individual who is engaged in a trade or business on his own account should not deduct in Schedule A, Form 1040, any compensation paid to himself. All of the profits from the business should be reported in item 2, Form 1040.

As above indicated the respondent has computed the deficiencies upon the basis that the last sentence of section 209(a)(1) of the taxing statute applies to each petitioner. This is objected to by the petitioners on the ground that it is the partnership which is engaged in a trade or business and not each petitioner and that a partnership is not a " taxpayer " within the meaning of the taxing statute. That a partnership is not a taxable entity is of course conceded. In *United States* v. *Coulby*, 251 Fed. 982, it was stated:

This law [Revenue Act of 1913], therefore, ignores for taxing purposes the existence of a partnership. The law is so framed as to deal with the gains and profits of a partnership as if they were the gains and profits of the individual partner. The paragraph above quoted so provides. The law looks through the fiction of a partnership and treats its profits and its earnings as those of the individual taxpayer. Unlike a corporation, a partnership has no legal existence aside from the members who compose it. The Congress, consequently, it would seem, ignored, for taxing purposes, a partnership's existence, and placed the individual partner's share in its gains and profits on the same footing as if his income had been received directly by him without the intervention of a partnership name.

On appeal the above statement was approved, but with the following reservation, 258 Fed. 27:

* * * We concur in and adopt the conclusion reached. However, the statement made in the opinion that a partnership has no legal existence, aside from the members who compose it, is too broad, as, for instance, in view of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. §9585 et seq.]), yet as applied to the particular portion of the statute and the question in hand it is correct, and with this explanation we approve the reasoning of the opinion.

We think that the language of section 209(a)(1) is applicable to each of these petitioners.

Under the partnership agreement Leo Schwartz received in 1924, $3,500 more than his share of the partnership profits. This money was to compensate him in part for services performed to the partnership. It was charged to the stock accounts of the other two partners. It was payable without regard to profits or losses made or sustained

by the partnership.   We think that the amount was " earned income "
of Schwartz.

In our opinion the respondent has correctly determined that the
earned income of Rich for the year 1924 was the amount of $5,000.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*