CARMEN P. GASKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12323.   Promulgated January 31, 1928.

*Wade Kurtz, C. P. A.*, for the petitioner.
*A. S. Lisenby, Esq.*, for the respondent.

418

OPINION.

SMITH: By agreement of counsel, the instant case was submitted to the Board for decision upon the basis of the petition, answer and stipulation of the facts, without an oral hearing. The issue raised by the petition and answer is whether the petitioner is entitled to a deduction for the year 1924, amounting to $1,544.94.

In the brief filed on behalf of the petitioner, sections 201 and 214 of the Revenue Act of 1924 are cited and it is contended that the broad meaning of those sections is that in computing taxable net income proper provision must be made for the exhaustion of capital, howsoever it may be invested. From this the further contention is made that, since the exhaustion of only $2,065.16 of the petitioner's investment will be taken care of through partnership accounting, she is entitled to deduct, in reporting her distributive share of partner-

ship earnings annually, a reasonable sum to cover exhaustion of the excess, namely, $4,634.84, and to return only the remainder as taxable income.

The respondent takes the position that under the provisions of section 214 of the Revenue Act of 1924 no gain or loss can be recognized upon an investment in a business until such business is liquidated, or the interest therein disposed of by the investor, and that the principle involved is the same whether the business is conducted as a partnership or as a corporation. It is contended on behalf of the respondent that investments are made not alone upon the basis of the book value of the interest acquired but upon its earning power as well, and that if the United State Coal Co. were a corporation and the petitioner purchased $\frac{67}{2000}$ of the capital stock of the corporation she would not be entitled to deduct any amount for amortization of the excess paid by her over the book value of the stock purchased.

It is further contended on behalf of the respondent that, in the instant case, the fact that the amount paid for the interest acquired was in excess of its value as shown by the books of the partnership does not indicate that when the business is liquidated or the interest disposed of the return from the investment will result in a loss, and that, while the partnership is entitled to any depletion or depreciation deductions authorized by law, there is no provision of law under which the petitioner may further reduce her distributive share of the partnership profits by deducting therefrom an aliquot part of the cost of her interest in the partnership.

Section 214 (a) of the Revenue Act of 1924 permits an individual to deduct from gross income in his income-tax return—

(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence;

(9) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. In the case of leases the deduction allowed by this paragraph shall be equitably apportioned between the lessor and lessee.

Partnerships stand upon the same plane as an individual in the computation of net income. *United States* v. *Coulby*, 251 Fed. 982; 258 Fed. 27. In *Appeal of J. H. Goadby Mills et al.*, 3 B. T. A. 1245, the Board said:

* * * Unlike a corporation, a partnership has no legal existence aside from the members who compose it; consequently, in order that the profits of the partnership might not escape taxation, Congress provided that its income should be taxed to the individual partners, the same as if they had received it direct without the intervention of the partnership.

See also *Abraham B. Johnson et al.*, 7 B. T. A. 820, and *Alpin J. Cameron*, 8 B. T. A. 120.

In this case it is conceded by both parties that the exhaustion of $2,065.16 of the purchase price of the interest acquired by the petitioner will be taken care of through the computation of her distributive share of partnership earnings, and it was stipulated that the remaining life of the mine operated by the partnership was 4⅓ years. However, the deduction of $1,544.94 taken by the petitioner in her 1924 return was based on a three-year remaining life. Such deduction, being admittedly erroneous, can not be allowed.

Nor, assuming for the sake of argument that the petitioner is entitled to amortize the excess paid by her over the book value of the interest acquired, are we able to determine from the stipulated facts what would constitute a proper basis for the computation of a reasonable allowance for the exhaustion of such excess. When the petitioner purchased the interest in question she bought a share in all the assets then owned by the partnership and in order to determine the exhaustion of her property interests it would be necessary to know the value of each class of assets and the rate of exhaustion of each. Data have not been submitted to show whether the partnership owned or leased the mines; what portion of its capital, if any, was attributable to ore bodies and what portion was attributable to depreciable assets; whether or not it was entitled to depletion; nor what the estimated salvage value of plant and equipment would be at the expiration of operations. The exhaustion of the property interests of the petitioner is affected not only by the depreciation of the equipment employed by the partnership, but also by the exhaustion of ore body irrespective of whether the partnership would be entitled to an allowance for depletion or not. Among the assets appearing on the partnership balance sheets are two mining properties, one of which decreased in book value during the year, whereas the other increased in book value. It is not apparent from the stipulation of facts to which of these properties the 4⅓ years remaining life applied, nor whether the basic date for estimating such remaining life was January 1, 1924, or December 31, 1924. In any event there can be no assumption that the partnership will terminate when one of its mining properties is exhausted.

As has been stated the basis used by petitioner in computing the deduction taken on her income-tax return was erroneous, and, since the facts admitted do not disclose a proper basis for the computation of any deduction to which she might be entitled, we can not determine that the respondent erred in restoring to taxable net income the sum of $1,544.94 which was deducted by the petitioner on her 1924 return.

*Judgment will be entered for the respondent.*