ALPIN W. CAMERON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALPIN J. CAMERON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM P. DENEGRE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25899–25901.   Promulgated July 22, 1930.

*J. Robert Sherrod, Esq.,* and *Bynum E. Hinton, Esq.,* for the petitioners.
*M. N. Fisher, Esq.,* for the respondent.

OPINION.

MORRIS: Upon motion of counsel these proceedings, involving deficiencies determined against individual partners for the calendar year 1922, were consolidated for hearing and decision. One issue is common to each proceeding, namely, whether " respondent failed in computing the net income of the partnership of A. J. Cameron & Co. to allow as a deduction a reasonable allowance for exhaustion, wear and tear, including a reasonable allowance for obsolescence on the buildings and machinery, etc., used in said business in the taxable year." Docket No. 25900 presents the following additional allegation of error:

(a) Certain Texas 7 per cent bonds were called August 1, 1922, at a price which represented a profit over their cost of $290.63. This profit arises from an enforced sale of the bonds back to the company under the redemption clause and should clearly be taxed at the 12½ per cent rate as a sale of capital assets, and the tax should not be computed under sections 210 and 211 of the Revenue Act of 1921, as the respondent has erroneously done.

Docket No. 25901 presents as an additional allegation of error the following:

(a) Certain Victory Liberty 3¾ per cent notes called June 15, 1922, and certain Texas 7 per cent bonds called August 1, 1922, at a total price which represented profit over their cost of $2,287.14. This profit arises from an enforced sale of the bonds back to the Govern-

ment and the company under the redemption clause, and should clearly be taxed at the 12½ per cent rate as a sale of capital assets, and the tax should not be computed under sections 210 and 211 of the Revenue Act of 1921, as the respondent has erroneously done.

Prior to the hearing and on January 11, 1930, the parties filed the following stipulation:

(1) Subject to the approval of the Board, the above cases may be consolidated for hearing on January 14, 1930, and for decision.

(2) The testimony taken before the Board in the cases of the three taxpayers named above under docket number 9686, including all exhibits, may be considered as in evidence in the present case.

(3) Among other things the evidence referred to in paragraph (2) above, shows the date of acquisition and the cost of depreciable assets acquired by A. J. Cameron & Company, a partnership, up to and including December 31, 1921. In addition thereto, it is stipulated that during the year 1922 said partnership of A. J. Cameron & Company, of which the three petitioners named above were partners, acquired additional capital assets as follows:

    Buildings _____ None
    Machinery & Equipment_____:_____ $38,383.85

(4) During the taxable year 1922, Alpin J. Cameron, one of the petitioners herein. realized a gain of $220.63 upon the redemption in that year by the Texas Corporation of certain of its 7 per cent bonds, which had been acquired and held by your petitioner, Alpin J. Cameron, for investment for a period of more than two years.

(5) During the taxable year 1922, William P. Denegre, one of the petitioners herein, realized a gain of $290.63 on the redemption in that year by the Texas Corporation of certain of its 7 per cent bonds which had been acquired and held · for investment by your petitioner, William P. Denegre, for a period of more than two years.

(6) During the taxable year 1922, the petitioner William P. Denegre realized a gain of $1,996.51 on the redemption in that year by the Secretary of the United States Treasury of certain 3¾ per cent Victory notes, which had been acquired and held for investment by your petitioner, William P. Denegre for a period of more than two years.

(7) Respondent has taxed the gain of $220.63 realized by Alpin J. Cameron in 1922 as stated in paragraph (4) above and the gains realized by William P. Denegre as stated in paragraphs (5) and (6) above, under the provisions of Sections 210 and 211 of the Revenue Act of 1921 and not under the provisions of Section 206 of the Revenue Act of 1921.

Subsequent to the hearing and on January 17, 1930, the respondent filed a communication with the Board which, after setting out paragraphs (4), (5), (6), and (7) of the above stipulation in full, stated with respect to the facts therein stipulated as follows:

I. T. 1637 was cited by counsel for the Commissioner with respect to the ·question of taxing the aforesaid gains under the provisions of Sections 210 and 211 of the Revenue Act of 1921. I. T. 2488 (Internal Revenue Bulletin, Vol. VIII, No. 34, issued August·26, 1929), contains the following:

"The ruling contained in I. T. 1637 is hereby revoked. The net gain from bonds held for more than two years, whether received as the result·of the ma-

turity of the bonds or as the result of their redemption before maturity, may, at the option of a taxpayer other than a corporation, be taxed under the provisions of section 206 of the Revenue Act of 1921."

In view of I. T. 2488, it is conceded that the gains realized upon the redemption of the securities described in Paragraphs (4), (5) and (6) of the stipulation are taxable under the provisions of Section 206 of the Revenue Act of 1921, as contended for by petitioners.

In view of the above concession by respondent, the only question presented for determination is what constitutes a "reasonable allowance for exhaustion, wear and tear, including a reasonable allowance for obsolescence" on the buildings and machinery used in the partnership business of A. J. Cameron & Co. This statutory deduction, commonly referred to as "depreciation," must be determined on the evidence of record.

It has been stipulated that the testimony and exhibits in Docket No. 9686, which involves the same question with the same parties petitioner for the years 1920 and 1921, should be considered as evidence. Our findings of fact and our opinion in Docket No. 9686 appear in our published reports under the caption *Alpin J. Cameron et al.*, 8 B. T. A. 120, and the findings therein contained are incorporated by reference in the determination of the present proceedings. Our determination in that case was in favor of respondent, and we relied upon the decision in *United States* v. *Coulby*, 251 Fed. 982, as affirmed by the Circuit Court of Appeals, 258 Fed. 27, and upon our decision in *J. H. Goadby Mills*, 3 B. T. A. 1245, as authority for the proposition that the addition of a partner to an existing partnership gave rise to no new basis for exhausting depreciable assets. Since our decision with respect to the years 1920 and 1921 the Supreme Court has handed down its decision in *Heiner* v. *Tindle*, 276 U. S. 582, and petitioners now contend that that case is authority for the proposition that the creation of a new partnership as of January 1, 1920, by the addition of another partner creates a new basis for exhausting the partnership's depreciable assets.

The facts in *Heiner* v. *Tindle* show that the late Philander C. Knox built a dwelling at a cost of $172,000 which he used as a residence for several years prior to 1901. Circumstances requiring his residence elsewhere, he leased the property in 1901 and continued to lease it until 1920, when he sold it for $73,000. The March 1, 1913, value of the property was $120,000. On his 1920 return Knox deducted the difference between the selling price and the March 1, 1913, value less depreciation to the date of sale. This deduction was disallowed, Knox paid the resulting increase in his taxes under protest and brought suit to recover this additional payment. That particular

portion of the court's opinion upon which petitioners rely is as follows (p. 586):

For the purpose of computing the loss resulting from this particular transaction we think it must stand on the same footing as losses resulting from a similar use of property acquired by gift or devise and that whenever needful the fair value of the property at the time when the transaction for profit was entered into may be taken as the basis for computing the loss. * * * The loss here has resulted from the sale of property not used for residential purposes by the taxpayer, and the transaction entered into for profit and resulting in the loss was not the purchase of the property but its appropriation to rental purposes. * * * * * * The cause should be remanded for a new trial so that the value of the property as of October 1, 1901, when rented, may be found. If that value is larger than the value of March 1, 1913, the deduction made below should be allowed; if less, only the difference, if any, between its then value and the sale price should be allowed. See *United States* v. *Flannery*, 268 U. S. 98; *McCaughn* v. *Ludington*, 268 U. S. 106.

It is patent from the language used by the court that it limited its decision to "this particular transaction," and it did not lay down a general rule, except as such decision may serve as a precedent in determining cases with similar facts. While there are some points of similarity in the instant cases and in the *Heiner* v. *Tindle* case, we believe the latter case can not serve as an authority or precedent in favor of the petitioners' proposition. The *Tindle* case involved a change in use of depreciable property; that is, a change from a private personal use to a use or transaction for profit out of which a loss apparently resulted. The situation in the instant cases is clearly set forth in our opinion in 8 B. T. A. 120, at page 125:

Two partners constituted the partnership prior to January 1, 1920, and these same partners continued to be members of the partnership which existed after a third partner had been admitted on January 1, 1920. No additional funds were paid in at this time, the capital account of the new partner being created by a transfer from the capital account of one of the old partners, Alpin J. Cameron. The other partner, Denegre, continued with the same investment as before. The change of consequence for all the partners at the time was that the income would thereafter be distributed on the basis of 40 per cent to W. P. Denegre, 35 per cent to Alpin J. Cameron and 25 per cent to A. W. Cameron.

There was no sale or transfer by the old partnership to the new partnership of the assets of the old partnership. Unlike a corporation, a partnership does not for tax purposes exist separate and apart from the partners. There is nothing to indicate that there were any transfers of any kind with respect to the ownership of the property here in question, such as would have been necessary had a corporation been succeeded by a corporation or by a partnership. The old partners had an interest in a partnership and this interest continued without interruption when the new partnership was created—at least this was true as far as Denegre was concerned. Not only did the old partnership sell nothing, but also the same was true of Denegre. The other old partner, Cameron, gave a part of his interest to his son, but in so far as the remaining part was concerned, there was no change of ownership whatever.

The petitioners have answered that the new partnership formed by a bringing in of a new partner created a new tax-computing entity, which entity, although not a legal entity, such as a corporation, is entitled to the value of its depreciable assets at the date of acquisition, January 1, 1920, in these cases, as the basis for future depreciation allowances. We believe that the reasons advanced in our prior opinion in 8 B. T. A. 120, together with the distinction hereinabove mentioned between these cases and the *Tindle* case, refute this argument, and that decision must be entered for respondent on this point.

*Decision will be entered under Rule 50.*