*410 OPINION.
Lansdon:
In the taxable year the partnership, Staley & Wynne, sold certain oil and gas leases, as set out in our findings of fact, and realized net profit in the amount of $438,394.71. Petitioners contend that such profit was income from the property in the taxable year and should be included in the basis for computing depletion as provided in section 204 (c) (2) of the Revenue Act of 1926.
The issue here raised was decided adversely to the contention of the petitioners in Darby-Lynde Co. v. Alexander, 44 Fed. (2d) 186; affirmed by the Circuit Court of Appeals for the Tenth Circuit, 51 Fed. (2d) 56; and certiorari denied by the Supreme Court, 284 U.S. 666. In Macon Oil & Gas Co., 23 B.T.A. 54, the Board followed the *411 Darby-Lynde decision above cited and from its decision no appeal was taken. On these authorities this question must be decided adversely to the petitioner.
On brief counsel for petitioner suggests and argues at some length that the principle of the Darby-Lynde and Macon cases, cited above, is overruled in Palmer v. Bender, 287 U.S. 551, which was decided after the decisions upon which the respondent relies. A careful study of the opinion in the Palmer case, supra, has convinced us that it has no bearing on the issue here. There the owners of a lease assigned or sold it to an operating company for a cash consideration, plus a further amount to be realized from the sale of oil produced from the property by the operating assignee. It is clear, therefore, that the seller or assignor retained an interest in the lease and that his realization therefrom depended on the continued production of oil by the operating company. Here the selling partnership completely divested itself of all ownership and interest in the property and received the entire consideration in cash in the taxable year. Thereafter it was not in receipt of any income from the leases that could in any way be applied to the recovery of capital investment, if any. The sale was in all respects a closed transaction at the date of the transfer of the leases and the profit therefrom must be determined under the provisions of section 204 (a) of the Kevenue Act of 1926.
The loss claimed by the petitioners upon transfer of partnership assets to a new partnership must be disallowed for lack of evidence. The stipulation of facts merely shows that after selling the bulk of its property for cash, the partnership of Staley & Wynne, composed of four individuals, with a 1/24 interest held by trustees for undisclosed beneficiaries and the ownership of 2/24 not being disclosed, transferred the remainder of its property, having a depreciated cost basis of $180,006.37, to the new partnership of Staley, Wynne & Co., composed of the same individuals with slightly readjusted interests, but not including the trustees, for a recited consideration of'$70,000, represented by debits and credits on the books of the partnerships. The record does not show whether the partnership of Staley & Wynne continued in business or whether it closed its books without collecting or intending to collect the $70,000 entered as an account receivable from Staley, Wynne & Co. In such circumstances we cannot say that the petitioners have sustained any deductible losses, except to the extent that a portion of the partnership interest may have been sold, which losses have been allowed by the respondent. The stipulation establishes nothing more than a readjustment of partnership interests with the new partnership owning the property alleged to have been sold by Staley & Wynne, though no actual sale *412 has been shown. Cf. J. J. Carroll, 27 B.T.A. 65; Henry Wilson, 16 B.T.A. 1280; and Alpin J. Cameron, 8 B.T.A. 120; 20 B.T.A. 305; affd., 56 Fed. (2d) 1021.
Reviewed by the Board.

Decision will lie entered for the respondent.