HERNAND BEHN, Plaintiff and Appellant, *v.* MANUEL V. DOME-
NECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6587. Argued April 12, 1935.—Decided April 17, 1936.

*Jaime Sifre, Jr.,* and *Horacio Franceschi* for appellant. *B. Fernán-*
*dez García, Attorney General,* and *T. Torres Pérez, Assistant*
*Attorney General (Benjamin J. Horton* and *M. Rodríguez Serra*
*on the brief), for appellee.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Hernand Behn brought this action to recover taxes paid
under protest. He appeals from the following parts of a
judgment rendered by the district court: that part of the
judgment which dismissed plaintiff's action as far as it relates
to an item of $12,000, salary received from the Porto Rico
Telephone Company; that part of the judgment which dis-
missed plaintiff's action as far as it relates to an item of
$23,073.40, never received by plaintiff as a member of the
partnership of Hernand and Sosthenes Behn; the omission
of any allowance of legal interest on the items claimed by

plaintiff and allowed by the judgment, as well as like interest on the amount disallowed; as much of the said judgment as allowed an item of $2,868.49 as interest at 6 per cent on $9,298.17, an alleged deficiency, calculated to October 30, 1930; the failure to award plaintiff costs and attorneys' fees.

■■ The first assignment is that:

"The lower court erred in dismissing the complaint as regards the item of $23,073.40 which it held to have been actually received by plaintiff as part of the profits accruing to him from the partnership, Hernand & Sosthenes Behn; and it also committed an error of law in holding that such profit formed part of the income of the taxpayer."

The item of $23,073.40 was one half of an item of $46,168.81 undivided profits, no part of which had been actually received by either of the partners nor credited to either of them on the books of Hernand & Sosthenes Behn. The whole of the $46,168.81 had been charged on the said books to profit and loss. The question is whether the share of an individual partner in such profits must be deemed to have been received by him on the theory of constructive receipt as provided by article 90 of the Regulations which reads in part as follows:

"Art. 90.—Example of Constructive Receipt. . . Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the stockholder. The distributive share of the profits of a partner in a partnership is regarded as received by him although not distributed."

There is, of course, no doubt about the meaning of the language just quoted. The question is as to the validity of so much of article 90 as makes the distributive share of an individual partner in undivided profits taxable as income of the individual partner on the theory of constructive receipt, notwithstanding the fact that he has not actually received any part of such profits. The answer to this question depends on the state of the law in Puerto Rico and the consequent limitations upon the powers of the Treasurer to make and promulgate regulations in connection therewith.

In *Morrill* v. *Jones,* 106 U. S. 466, the Supreme Court of the United States said:

"The Secretary of the Treasury cannot by his regulations alter or amend a revenue law. All he can do is to regulate the mode of proceeding to carry into effect what Congress has enacted."

See also *United States* v. *United Verde Copper Co.,* 196 U. S. 207.

Section 68 of the Income Tax Act of 1924 (Session Laws of 1925, pp. 400, 532) reads as follows:

"The Treasurer is authorized to prescribe all needful rules and regulations for the enforcement of this Act."

The portion of section 90, *supra,* now under consideration is based on section 218 of the Federal. Income Tax Law of 1924 and previous years. See 26 U. S. C. A., section 959, which reads in part as follows:

"Section 218(a).—Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partners' net income is computed."

The local Income Tax Act of 1924 for the most part follows either literally or substantially the language of its prototype, the Federal Law of 1924. There are, however, certain omissions and adaptations. Section 218, *supra,* was omitted. The reason is obvious. Its provisions are in full harmony with the concept of a partnership which prevails in most jurisdictions elsewhere in the United States. They would be in open conflict with the Puerto Rican concept.

In *Langstaff* v. *Lucas,* 9 Fed. (2d) 691 (affirmed in 13 Fed. (2d) 1022) the court said:

"Unlike a corporation, a partnership is neither in law nor in fact an entity separate and distinct from its members. It exists and acts only through its members. There can be no such thing as neither the receipt or the holding of property by a partnership, separate and distinct from its members. Whatever profit is made by a partnership is the property of the members."

See also *United States* v. *Coulby*, 251 Fed. 982 (affirmed in 258 Fed. 27); 4 *Paul & Mertens, Law of Federal Income Taxation*, 2; *Helvering* v. *Walbridge*, 70 Fed. (2d) 683; *Harris* v. *Commissioner of Internal Revenue*, 39 Fed. (2d) 546.

In Puerto Rico, on the other hand, the partnership itself is recognized as a separate, distinct and independent legal entity: See *Santiago Umpierre & Co.* v. *Wenar*, 10 P.R.R. 505; *Bozzo* v. *Bolivar et al.*, 10 P.R.R. 33; *Finlay* v. *Finlay Bros. & Waymouth Trading Co.*, 8 P.R.R. 371; *Quintana Bros.* v. *S. Ramírez & Co.*, 22 P.R.R. 707, 716; *People* v. *Rivera Zayas*, 29 P.R.R. 423; *Puerto Rico* v. *Russell & Co.*, 288 U.S. 476.

In order to adapt the Federal Income Tax Law to the local concept of a partnership as a separate and distinct legal entity, the Insular Legislature found it necessary to modify the text of the Federal Law in several of its provisions.

Section 220 of the Federal Law at the time of the enactment of the Insular Law was as follows:

"If any corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected and paid for each taxable year upon the net income of such corporation a tax equal to 50 per cent of the amount thereof, which shall be in addition to the tax imposed by section 230."

Section 21 of the Insular Law reads thus (italics ours):

"If any *partnership* or corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax *upon its members* or shareholders through the medium of permitting its gains and profits to accumulate instead of being

divided or distributed, there shall be levied, collected and paid for such taxable year upon the net income of such *partnership* or corporation a tax equal to 50% of the amount thereof which shall be in addition to the tax imposed by section 28 of this title.''

The federal statute refers only to corporations and shareholders. The local law places partnerships and the members thereof on practically the same footing as corporations and shareholders. Article 90 of the regulations lays down one rule as to dividends on corporate stock in consonance with the theory of section 21 of the law and in the next breath attempts to establish the contrary rule in open conflict with the theory of section 21 as to the undivided profits of a partours):

Section 201 of the Federal Revenue Act as it stood at the time of the Insular enactment (see 26 U. S. C. A., section 932) contained the following provisions:

''(*a*) The term 'dividend', when used in this chapter, except in paragraph 9, subdivision (*a*) of section 986, paragraph 4 of subdivision (*a*) of section 1004, means any distribution made by a corporation to its shareholders, whether in money or in other property out of its earnings and profits accumulated after February 28, 1913. (*b*) For the purposes of this chapter, every distribution is made out of earnings or profits to the extent thereof, etc.''

Section 4 of the Insular Income Tax Act of 1924, reads as follows (italics ours):

''The term 'dividend', when used in this title, except when used in paragraph (9) of subdivision (*a*) of section 32 and paragraph (4) of subdivision (*a*) of section 43 means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913; *and the term 'profits' means any distribution made by a partnership to its members and participants out of its earnings obtained after* February 28, 1913.''

From this statutory definition of the term profits it seems reasonably clear that before partnership profits can become a part of the gross income of an individual partner, as the term gross income is defined by section 15 of the Insular Income

Tax Act of 1924, the partnership profits must have been distributed. Here the Insular Legislature has again placed partnerships on the same footing as corporations and has established practically the same rule for the distribution of partnership profits as in the case of dividends on corporate stock.

By the terms of section 15 of the Income Tax Act of 1924 " 'gross income' includes gains, profits, and income derived from" certain specified sources including dividends and partnership profits. That section then provides that (italics ours):

"The amount of all such items shall be included in the gross income for the taxable year in which *received by the taxpayer,* unless, under the methods of accounting permitted under subdivision (b) of section 14, any such amounts are to be properly accounted for as of a different period."

If this provision be read in connection with the other provisions of the act already considered, it seems quite clear that the words "received by the taxpayer" indicate an intention to tax income actually received, or at least (as far as an individual partner is concerned) a distributive share in the partnership profits credited to the account of the individual partner or otherwise designated and identified as such distributive share on the books of the partnership. Nowhere do we find any evidence of a legislative intention to tax a hypothetical income of the individual partner theoretically derived from the undivided profits of the partnership by resorting to the device of a constructive receipt. See *Bankers Trust Co.* v. *Bowers,* 295 Fed. 89, 91; *Walker* v. *Gulf & I. Ry. Co. of Texas,* 269 Fed. 885; *Maryland Casualty Co.* v. *United States,* 251 U. S. 342; *Safe Deposit & Trust Co.* v. *Niles,* 273 Fed. 822, 824.

For the purposes of this opinion it may be conceded that as far as dividends on corporate stock are concerned the example of a constructive receipt furnished by article 90, *supra,* is in keeping with the letter and spirit of the Income

796

Tax Act of 1924 and therefore unobjectionable. It may be conceded that a similar example as to the constructive receipt of partnership profits by an individual partner would have been equally unobjectionable. We are persuaded, however, that the Treasurer of Puerto Rico transcended the authority conferred upon him by section 68 of the Income Tax Act of 1924 when he attempted in article 90 to lay down the rule that: "The distributive share of the profits of a partner in a partnership is regarded as received by him although not distributed." It follows that the district court erred as alleged in the first assignment.

■ The second assignment reads as follows:

"The court committed an error of fact in expressly holding that the appellant received two salaries, one of $12,000 from the Porto Rico Telephone Company and another of $10,000 from Behn Brothers, Inc., notwithstanding that the evidence showed that the appellant had assigned, by an agreement to Behn Brothers, Inc., the salary assigned to him by the Porto Rico Telephone Company and which Behn Brothers, Inc., entered in its income tax return as part of its income; it committed error in implicitly holding that both salaries formed part of his income, that the $10,000 should not be taken out from the individual income tax return of the taxpayer, as it had not been alleged in the complaint; and in holding that it had not been shown that the smaller salary was included or merged in the larger one."

We cannot concur in this view. The $12,000 earned by plaintiff as president of the Porto Rico Telephone Company was properly taxed as part of plaintiff's income, notwithstanding his assignment thereof to Behn Brothers, Inc. See 2 Paul & Mertens Law of Federal Income Taxation 25; Id. 29; 37, 39, 44; Black on Federal Taxes (4th ed.) 54; *Lucas v. Earl,* 281 U. S. 111; *Saenger v. Commissioner of Internal Revenue,* 69 Fed. (2d) 631; *Luce v. Burnet,* 55 Fed. (2d) 751; *Mitchell v. Bowers,* 15 Fed. (2d) 287; *Blumenthal v. Commissioner of Internal Revenue,* 60 Fed. (2d) 715; *Bishop v. Commissioner of Internal Revenue,* 54 Fed. (2d) 298; *Rossmoore v. Commissioner of Internal Revenue,* 76 Fed. (2d) 520.

Plaintiff was not relieved from his obligation to pay the tax on the salary received by him from the Porto Rico Telephone Company merely because of his election not to retain or enjoy it. *Balkwill* v. *Commissioner of Internal Revenue,* 77 Fed. (2d) 569. There is, of course, no question about his liability for the tax on the salary of $10,000 received by him from Behn Brothers, Inc. The assignment of the $12,000 salary did not affect in any way this liability. The district court did not err in dismissing the action as far as the item of $12,000 received from the Porto Rico Telephone Company was concerned.

The third assignment is:

"The lower court erred in failing to allow legal interest on all the sums which the defendant must return to the plaintiff as excessive taxes."

The question as to whether interest should have been allowed on the several items recovered by plaintiff in the district court was a matter within the discretion of that court. *Loíza Sugar Co.* v. *Domenech, Treasurer,* 44 P.R.R. 530.

That part of the judgment appealed from which dismissed the action, as far as it relates to the recovery of taxes assessed against plaintiff's share in the undivided partnership profits of the partnership, Hernand & Sosthenes Behn, and paid under protest by plaintiff, will be reversed. In lieu thereof the judgment of this court will be entered for plaintiff, directing the Treasurer of Puerto Rico to refund to plaintiff the amount of the tax so assessed and paid under protest. That portion of the judgment appealed from, which provides for a readjustment and deduction from the taxable income in the individual income tax return of plaintiff of the losses sustained by the partnership during the years 1925 and 1926, will be eliminated. In all other respects the judgment of the district court will be affirmed.

Mr. Justice Travieso took no part in the decision of this case.