## BENJAMIN et al. v. HOEY.
### No. 87.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1944.

included 38% of the commissions he paid. It may be that the firm's commission business was not the sole source of its gross income, that, for instance, a portion of that income derived from interest and dividends in connection with which little or no expense was incurred. We therefore reverse and remand for a new trial at which the plaintiffs may offer evidence to show what portion of the $66,947.13 net partnership income came from the commissions which Benjamin paid.

Reversed and remanded.

Wellman, Smyth, Lowenstein & Fennelly, of New York City (Melvyn Gordon Lowenstein and F. Van Siclen Parr, Jr., both of New York City, of counsel), for plaintiffs.

James B. McNally, of New York City (William L. Lynch, of New York City, of counsel), for defendant.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ The question is whether 38% of the commissions paid by Benjamin to his firm and which the firm repaid to him constitutes part of his income. The argument that it is not runs thus: The moneys Benjamin paid for commissions were capital outlays. If, without partners, he had conducted the brokerage business, he would have paid the entire amount of those commissions to himself and no one would then have thought of saying that those payments constituted part of his taxable income. Because he had partners, he paid out an amount equal to 62% of the commissions. The balance, 38%, or $25,439.91, always remained his. To put it differently, that sum he paid to himself, and what one pays to one's self cannot be part of one's income. Nothing in any statute or decisions relating to a partner's income leads to a different conclusion.[1] Indeed, if the statute called for a tax here, it would perhaps be unconstitutional, i.e., not authorized by the Sixteenth Amendment.

██ With the foregoing argument we generally agree. But it is not entirely sustained by the record. For the evidence fails to show that the net income of the partnership, 38% of which belonged to Benjamin,

---

[1] Neuberger v. Commissioner, 311 U.S. 83, 61 S.Ct. 97, 85 L.Ed. 58, while not directly in point, serves to show that, generally speaking, a partnership is not to be regarded as a distinct entity for tax purposes.