RANDOLPH PRODUCTS CO. v. MANNING.

No. 9766.

United States Court of Appeals
Third Circuit.

Argued Feb. 10, 1949.

Decided July 7, 1949.

The facts as found by the District Court may be summarized as follows:

The taxpayer is a corporation organized under the laws of New Jersey. It was the owner of a factory building which was rented to Wendell G. Randolph and Altje H. Randolph, his wife, who were general partners. Wendell G. Randolph was the owner of 94 percent of the common stock of the taxpayer, and Mrs. Randolph owned the remaining 6 percent.

The gross income of the taxpayer for the calendar years 1943 and 1944 was derived solely from rent paid to it by the partners for the use and occupancy of the factory building owned by the taxpayer.

The taxpayer filed its corporate income tax returns for the calendar years 1943 and 1944 paying income and declared value excess profits taxes as therein reported. These returns, however, disclosed no personal holding company surtax liability.

Thereafter, the taxpayer filed a delinquent return for the calendar year 1943 (return of Personal Holding Company) in which it reported "personal holding company income" and a surtax liability thereon in the amount of $3,017.06. The taxpayer filed a similar return for the calendar year 1944 in which it reported "personal holding company income" and a surtax liability thereon in the amount of $3,017.35. Thereafter, the taxpayer filed an amended return for each of those years in which it disclaimed liability as a personal holding company.

Pursuant to the provisions of the Code, the Commissioner of Internal Revenue, having determined a deficiency for each of the years, assessed the surtax set out below.[1] The taxpayer paid the surtax and interest as assessed for each of the years, but failed to pay the delinquency penalties. Additional interest for each of the years, in the amount of $195.50 and $187.96, re-

Robert R. Daly, Newark, N. J. (Brady & Daly, Newark, New Jersey, on the brief), for appellant.

Irving Axelrad, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, S. Walter Shine, Special Assistants to the Attorney General, Alfred E. Modarelli, United States Attorney, Roger M. Yancey, Assistant United States Attorney, Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

The single issue presented by this appeal is whether the income of a corporation derived exclusively from the rental of its property to a partnership consisting of husband and wife who own all of the corporation's capital stock, is "personal holding company income" within the meaning of Section 502(f), Internal Revenue Code, 26 U.S.C.A. § 502(f).

| [1] Calendar Year | Tax | Interest | Penalty | Total |
|---|---|---|---|---|
| 1943 | $3,017.06 | $241.36 | $754.27 | $4,012.69 |
| 1944 | 3,071.35 | 61.43 | 614.27 | 3,747.05 |
| Totals | $6,088.41 | $302.79 | $1,368.54 | $7,759.74 |

spectively, was thereafter assessed and paid.

The taxpayer on June 21, 1946, filed a claim for the refund of $3,258.42, the full amount of the surtax and interest thereon paid for the calendar year 1943, and a claim for the refund of $3,132.78, the full amount of the surtax and the interest thereon paid for the calendar year 1944.

The claims for refund were predicated upon the following grounds: first, the income of the taxpayer was not "personal holding company income" within the meaning of Section 502(f) of the Code; second, the taxpayer was not a "personal holding company" within the meaning of Section 501(a) (1) and (2) of the Code; and third, the delinquent returns were inadvertently filed.

Upon the motion of the taxpayer for summary judgment, the District Court, having considered the pleadings, the affidavits and evidence submitted in support of the motions and the documentary evidence in opposition thereto and the briefs filed by both parties, held the taxpayer to be a personal holding company within the meaning of Section 501(a) (1) and (2) of the Code and its income to be personal holding company income within the meaning of Section 502(f) of the Code, and accordingly, dismissed the taxpayer's suit.

The taxpayer thereupon brought this appeal relying solely on the ground that the taxpayer's income was not personal holding company income within the meaning of Section 502(f) [2] of the Internal Revenue Code because it was not received from "an individual entitled to the use of the property."

The crux of the taxpayer's position is that (1) a partnership is a separate and distinct business unit or entity; (2) where a partnership is a tenant it is the partnership which is "entitled to the use of the property;" (3) partners as such have no individual property right in partnership property; and (4) use of the partnership property by an individual partner is not individual use but partnership use. The taxpayer urges also that "individual" means a single person as distinguished from a group or class; a private or natural person as distinguished from a partnership, corporation or association.

■ We cannot subscribe to the taxpayer's view. Under both the Internal Revenue Code and the applicable local law a partnership is not an entity separate and distinct from the individual partners.[3]

While it is true that the Code for certain informational and accounting purposes requires the filing of partnership returns [4] the partnership is merely a tax computing unit and is not a taxpayer or a taxable entity.[5] The revenue laws have for many years specified that partnerships are not taxable and that "individuals carrying on business in partnership shall be liable for income tax only in their individual capac-

---

[2] "Section 502. Personal holding company income

"For the purposes of this subchapter the term 'personal holding company income' means the portion of the gross income which consists of:
* * *
"(f) Use of corporation property by shareholder.

"Amounts received as compensation (however designated and from whomsoever received) for the use of, or right to use, property of the corporation in any case where, at any time during the taxable year, 25 per centum or more in value of the outstanding stock of the corporation is owned, directly or indirectly, by or for an individual entitled to the use of the property; whether such right is obtained directly from the corporation or by means of a sublease or other arrangement. * * *"
26 U.S.C.A. § 502.

[3] Jennings v. Commissioner, 5 Cir., 1945, 110 F.2d 945, wherein it was held that a partnership is not recognized under the revenue laws as an entity separate from the partners in income taxation, although it is recognized as such in bankruptcy proceedings under the bankruptcy laws.

[4] Section 187, Internal Revenue Code, 53 Stat. 70, 26 U.S.C.A. § 187.

[5] Johnston v. Commissioner, 2 Cir., 1936, 86 F.2d 732, certiorari denied 1937, 301 U.S. 683, 57 S.Ct. 784, 81 L.Ed. 1341; Scherf v. Commissioner, 5 Cir., 1947, 161 F.2d 495, certiorari denied 332 U.S. 810, 68 S.Ct. 111, 92 L.Ed. 387.

ity"; [6] individual partners are taxed on the distributive shares of partnership income regardless of whether such income is in fact distributed; [7] partnerships are not allowed deductions for "charitable contributions" but such charitable contributions are allowable as deductions to the individual partners only to the extent that their distributive portion of the partnership contribution would be allowable to them as individuals; [8] and the net operating loss carry-back or carry-over of the partnership is not allowed to the partnership but only to its individual members.[9] Partners may deduct individual gambling losses from gambling gains made in partnership,[10] and losses sustained by individual partners in their securities transactions are allowed to the extent of gains from the sale of partnership securities.[11]

The concept of a partnership as an entity, owning property apart from its partners, was rejected by the Second Circuit in Commissioner **v.** Whitney, 1948, 169 F. 2d 562, certiorari denied 335 U.S. 892, 69 S.Ct. 246. In that case losses sustained on the sale of partnership assets to a corporation controlled by the partners and organized by them to take over the partnership business were held non-deductible under Section 24(b) (1) (B) of the Internal Revenue Code which disallows losses between "an individual" who owns more than 50 percent of a corporation's stock, and such corporation, except in the case of distributions and liquidations.[12]

The Court in the Whitney case held that neither the revenue laws nor the Uniform Partnership Act (effective in New York) contained the slightest basis for recognition of the partnership as a taxable entity. In doing so it pointed out that Section 50 of the New York Partnership Law, McK. Consol.Laws, c. 39, § 50, under the caption "Extent of property rights of a partner", provides that

"The property rights of a partner are (a) *his rights in specific partnership property,* (b) his interest in the partnership, and (c) his right to participate in the management." (Emphasis supplied.)

"And", said the Court, 169 F.2d at page 567: "the existence of individual rights in specific partnership property is clinched by id. § 51, 'A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership,' the incidents of this tenancy being thereupon set forth in some five subdivisions." [13]

After an exhaustive review of the subject the Court stated its conclusion as follows, 169 F.2d at page 568: "There is no doubt that generally speaking under the tax law we must approach the partnership as an association of individuals who are co-owners of its specific property and who are taxed, while the partnership is not."

We deem the Whitney case analogous to the situation here presented and we subscribe to the holding therein. Any further discussion would be repetitious in view of the comprehensive analysis made by the Second Circuit. Accordingly we are of the opinion that the income of a corporation derived exclusively from the rental of its property to a partnership consisting of husband and wife who own all of the corporation's capital stock is "personal holding company income" within the meaning of Section 502(f).[14]

[6] Section 181, Internal Revenue Code, 53 Stat. 69, 26 U.S.C.A. § 181.
[7] Section 182, Internal Revenue Code, 53 Stat. 69, 26 U.S.C.A. § 182.
[8] Section 183(c), Internal Revenue Code, 53 Stat. 70, 26 U.S.C.A. § 183(c).
[9] Section 189, Internal Revenue Code, 53 Stat. 868, 26 U.S.C.A. § 189.
[10] Jennings v. Commissioner, supra note 3.
[11] Neuberger v. Commissioner, 1940, 311 U.S. 83, 61 S.Ct. 97, 85 L.Ed. 58.
[12] It may be noted in passing that Section 24(b) (2) of the Internal Revenue Code, 26 U.S.C.A. § 24(b) (2), referred to in the cited case, 169 F.2d at page 566, is compatible with Section 503(a) (1), (2), and (5) of the Code.
[13] The provisions of the New Jersey law, New Jersey Statutes Annotated 42:1–24 and 42:1–25 are identical with Sections 50 and 51, respectively, of the New York Partnership Law.
[14] Walnut Street Company v. Glenn, D.C.W.D.Ky.1948, 83 F.Supp. 945; Furniture Finance Corp. v. Commissioner, 46 B.T.A. 240; and Bro-Jeff Theatres, Inc. v. Commissioner, 5 T.C. 1389,

For the reason stated, the judgment of the District Court will be affirmed.

**L. HAND, Chief Judge, dissenting.**

---

decided December 29, 1945 (1945 P-H T. C. Memorandum Decisions, Par. 45,385); all of which have expressly ruled that rental income received by a corporation for the use of its property by a partnership-lessee constitutes personal holding company income under Section 502(f).