Harry Landau, et al., Petitioners,[1] *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 42885, 42886, 42887, 42888.   Promulgated December 30, 1953.

*Nathan Schwartz, Esq.*, for the petitioners.
*R. B. Sullivan, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Harry Landau, Lily Landau, Herbert Landau, and Estate of Janie Landau, deceased, Leslie Gabriel Landau, Executor.

418

OPINION.

HARRON, *Judge:* The deficiency in each proceeding for 1946 results from adjustments made by the respondent on April 29, 1952, the date on which each deficiency notice was mailed. The determinations of deficiencies for 1946 on April 29, 1952, are barred by the statute of limitations unless section 3801, Internal Revenue Code, applies, as the respondent contends. Petitioners contend that section 3801 does not apply. They rely upon *James Brennen,* 20 T. C. 495.

The facts having been stipulated, it is unnecessary to restate the facts. In the *Brennen* case, the facts were the same. We pointed out there that "the party who invokes the exception to the basic statutory limitation period must * * * assume the burden of proving all of the prerequisites to its application," citing *D. A. MacDonald,* 17 T. C. 934, 940. The burden is upon the respondent.

In this proceeding, on brief, the respondent recognizes that the rule announced in the *Brennan* case precludes our sustaining his contentions here, but he urges us to overrule our decision in the *Brennen* case.

We need not repeat here what we said in the *Brennen* case. We adhere to the view there expressed. Accordingly, it is held that subsections (b) (2) and (b) (5) of section 3801, Internal Revenue Code, do not apply under the facts of this proceeding.

The respondent relies upon subsection (b) (3)[2] of section 3801, which is set forth in the margin, in addition to subsections (b) (2) and (b) (5), thereby bringing before us consideration of one of the other provisions of section 3801 which was not before us in the *Brennen* case. Subsection (b) (3) applies to a determination which "requires the exclusion from gross income of an item." Respondent, in invoking subsection (b) (3), argues that a deduction from gross income is equivalent to an exclusion from gross income for the purposes of subsection (b) (3). The respondent cites no authority in support of this novel contention, and, in our opinion, it is without merit. The determination made by the respondent relating to the partnership's fiscal year ending on February 28, 1945, did not require "the exclusion from gross income of an item with respect to which tax was paid and which was

---

[2] SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISIONS IN INCOME TAX CASES.

(b) CIRCUMSTANCES OF ADJUSTMENT.—When a determination under the income tax laws—

\* \* \* \* \* \* \*

(3) Requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year or from the gross income of a related taxpayer; or

erroneously excluded or omitted from the gross income of the taxpayer for another taxable year." *Max Schulman*, 21 T. C. 403.

Respondent makes the further argument, with respect to the applicability of subsection (b) (3) which is derived from the point that in these proceedings the American Telephone and Telegraph bonds were purchased by the partnership, and, later, were sold by the partnership. Respondent calls our attention to the matters pertaining to the computation of the net income of the partnership for the taxable period April 1, 1944, to February 28, 1945, which was affected by the claimed deduction for amortizable bond premium; and to the computation of the gross income of the partnership for the taxable period March 1, 1945, to February 28, 1946, which was affected by the computation of the amount of the long-term capital gain realized upon the sale during that fiscal period of the bonds at a profit. Respondent argues that determination of the question whether or not subsection (b) (3) applies here depends upon whether the gross income of the individual members of the partnership, Landau Investment Company, the petitioners, includes, under section 22 (a), their individual shares of the partnership gross income, or merely their individual shares of the partnership net income. If the latter, respondent argues, then (b) (3) would be applicable. He concedes, however, that if the gross income of an individual partner includes his share of the partnership gross income, (b) (3) would not apply. Respondent's argument involves the so-called "aggregate" and "entity" theories of the interests of partners in a partnership.

Section 3801 deals with the "taxpayer." A partnership, as such, is not a taxpayer under the Federal income tax law; it is not a taxable entity. The general rule is that an individual partner is deemed to own a share interest in the gross income of the partnership. *Craik* v. *United States*, 31 F. Supp. 132, 134; *Neuberger* v. *Commissioner*, 311 U. S. 83; *Jennings* v. *Commissioner*, 110 F. 2d 945; *Randolph Products Co.* v. *Manning*, 176 F. 2d 190. We recognize that the general rule has been construed for the purpose of applying particular provisions of the Internal Revenue Code. Cf. *L. Glenn Switzer*, 20 T. C. 759. Here application of the general rule is consistent with the statutory scheme for taxing individual partners with partnership income and with the structure of section 3801. Accordingly, the respondent's argument under this question is rejected. We do not consider these proceedings distinguishable in principle from *Max Schulman, supra*, simply because here the partnership of which petitioners are members bought and sold the bonds.

Since the deficiencies are barred by the statute of limitations,

*Decisions will be entered for the petitioners.*