CHARLES H. PALDA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

S. R. OKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAY OKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13705-7. Filed November 30, 1956.

*William H. Oppenheimer, Esq.*, for the petitioners.
*Thomas A. Steele, Jr., Esq.*, for the respondent.

## OPINION.

Opper, *Judge:* Although the operations in the Panama Canal Zone giving rise to the income in controversy were conducted by not one but three partnerships, or more precisely by a joint venture composed of two other partnerships, it is not that factor that poses the problem before us. One of those partnerships also conducted business in the United States. And because the net income of that partnership from its domestic business was presumably a smaller proportion of its gross than that of the Canal Zone joint venture, petitioners can concededly succeed here in keeping their Canal Zone income above 80 per cent [1] and hence in eliminating that income under section 251, Internal Revenue Code of 1939, only if they are permitted to disregard the partnership gross income and treat their distributive share of partner-

---

[1] SEC. 251. INCOME FROM SOURCES WITHIN POSSESSIONS OF UNITED STATES.

(a) GENERAL RULE.—In the case of citizens of the United States or domestic corporations, satisfying the following conditions, gross income means only gross income from sources within the United States—

(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States ; and

\* \* \* \* \* \*

(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

(b) AMOUNTS RECEIVED IN UNITED STATES.—Notwithstanding the provisions of subsection (a) there shall be included in gross income all amounts received by such citizens or corporations within the United States, whether derived from sources within or without the United States.

ship net income as the constituent part of their personal "gross income." The first question, accordingly, is whether the term gross income as used in section 251 was intended to be applied in the case of a partner by considering his share of gross partnership income or of net.

It has frequently been said that a partnership is not a taxable entity and has its place in the scheme of taxation solely for income computation and reporting for tax purposes. *Randolph Products Co.* v. *Manning*, (C. A. 3) 176 F. 2d 190. It has resulted from this that generally speaking the partnership is not considered to have any income for tax purposes but that the share of the partnership's transactions is in each case attributable proportionately to the respective partners. "The general rule is that an individual partner is deemed to own a share interest in the gross income of the partnership." *Harry Landau*, 21 T. C. 414, 421. A partner's share of capital gains and losses is to be treated by him as though it is his own, *Mae E. Townend*, 27 T. C. 99, see *Neuberger* v. *Commissioner*, 311 U. S. 83; a partner's share of gambling gains can be offset by him against other gambling losses, *Jennings* v. *Commissioner*, (C. A. 5) 110 F. 2d 945, reversing a Memorandum Opinion of the Board of Tax Appeals filed July 25, 1939, certiorari denied 311 U. S. 704; income which is tax exempt to a partnership is exempt in the hands of the partner, *Howard S. Young*, 16 B. T. A. 1428, affirmed on another issue sub nom. *Elam* v. *Commissioner*, (C. A. 7) 45 F. 2d 337; a dividend deductible from the gross income of a partnership is proportionately deductible from that of the partner, *United States* v. *Coulby*, (N. D., Ohio) 251 F. 982, affirmed per curiam (C. A. 6) 258 F. 27; payments made to a partnership by a partner for services are proportionately not taxable to him as his income, *Benjamin* v. *Hoey*, (C. A. 2) 139 F. 2d 945; and payments to a partnership, of which a nonresident was a member, are taxable to him although from sources outside the United States because paid by the United States notwithstanding that the actual payment was made through the partnership, *Leif J. Sverdrup*, 14 T. C. 859; while at the same time a nonresident alien partner may consider as nontaxable his share of partnership business from sources without the United States in spite of the fact that the partnership transacts business here, *Craik* v. *United States*, (Ct. Cl.) 31 F. Supp. 132. Even where partnership gross income is not considered the individual's gross income for purposes of the 25 per cent statute of limitations provisions of section 275, the instant situation was carefully distinguished. *L. Glenn Switzer*, 20 T. C. 759, remanded by stipulation (C. A. 9, Sept. 17, 1954); cf. *Jack Rose*, 24 T. C. 755, 768. Pe-

titioners rely on *Markham* v. *United States*, (S. D., Cal., June 23, 1953) 45 A. F. T. R. 1143, 53–2 U. S. T. C. par. 9462, unreported officially, but the present question was apparently not involved there and clearly was not discussed nor decided.[2]

If the literal language of the statute[3] is followed, the partner's share of the partnership's net income is to be included in computing his individual net income.[4] That, of course, makes no contribution in determining how he should compute his gross income. But the logical inference from section 183[5] is that his share of the partnership's gross, e. g., *Harry Landau, supra; Neuberger* v. *Commissioner, supra* at p. 89, less his share of the partnership's deductions, e. g., *United States v. Coulby, supra; Lord Forres*, 25 B. T. A. 154; *W. J. Burns et al.*, 12 B. T. A. 1209, will be his share of the partnership's net.

There is no evidence that Congress intended the term "gross income" to be construed differently in applying the provisions of section 251 to a partnership than would be the case in the great majority of the situations mentioned. On the contrary, the purpose of the 80 per cent provision was evidently "to apply this special procedure only to persons practically all of whose business is done outside the United States

---

[2] In *Estate of R. L. Langer*, 16 T. C. 41, affirmed per curiam (C. A. 9) 194 F. 2d 288, also relied on by petitioners, respondent conceded the present issue under section 107. It was apparently not litigated and certainly not decided.

[3] SEC. 182. TAX OF PARTNERS.

In computing the net income of each partner, he shall include, whether or not distribution is made to him—

(a) As part of his gains and losses from sales or exchanges of capital assets held for not more than 6 months, his distributive share of the gains and losses of the partnership from sales or exchanges of capital assets held for not more than 6 months.

(b) As part of his gains and losses from sales or exchanges of capital assets held for more than 6 months, his distributive share of the gains and losses of the partnership from sales or exchanges of capital assets held for more than 6 months.

(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183 (b).

[4] Petitioners in their brief, no doubt through inadvertence, appear to read into the statute a phrase that is not there. They say:

When it comes to the imposition of the tax, the tax law, instead of levying a tax on the partnership as such, transfers to each partner his share of the partnership "net income" to be included in his *"gross income"* for the purpose of determining his "net taxable income." [Emphasis added.]

The emphasized words do not, of course, appear anywhere in section 182.

[5] SEC. 183. COMPUTATION OF PARTNERSHIP INCOME.

(a) GENERAL RULE.—The net income of the partnership shall be computed in the same manner and on the same basis as in the case of an individual, except as provided in subsections (b) and (c).

(b) SEGREGATION OF ITEMS.—

(1) CAPITAL GAINS AND LOSSES.—There shall be segregated the gains and losses from sales or exchanges of capital assets.

(2) ORDINARY NET INCOME OR LOSS.—After excluding all items of gain and loss from sales or exchanges of capital assets, there shall be computed—

(A) An ordinary net income which shall consist of the excess of the gross income over the deductions; or

(B) An ordinary net loss which shall consist of the excess of the deductions over the gross income.

* * *." [6]  See *John W. Haussermann*, 23 B. T. A. 378, affd. (C. A., D. C.) 63 F. 2d 124, certiorari denied 289 U. S. 729.  For this objective the ratio of the gross income or gross business, rather than net income or profit, was thought to be a more reliable test and it is easy to see why this might be so.  A person doing a comparatively small business in the possessions with a very high profit margin compared to his domestic transactions might otherwise qualify under the section notwithstanding that he actually did more gross business in the United States than in the possession.

Congress was careful to employ the gross income concept and we are powerless to modify it by use of the net income approach.  If these petitioners had been doing business as individual sole proprietors in the United States there would be no question that the statute would be ineffective to exclude this income.  That the form of organization adopted was a partnership, which as we have seen calls for tax treatment of the partners as individuals, cannot in our view justify any different result.

Petitioners call for application of the rule that remedial statutes are to be liberally construed in favor of the taxpayer.  Assuming that principle were to be employed here, it supplies no adequate answer.  What would be a liberal construction in favor of these petitioners might do equivalent damage to another taxpayer whose situation was the reverse of this one.  If in another case the gross income of the Canal Zone partnership were greater than four times the gross income of the domestic business but the net were less, the very construction now invited by petitioners would eliminate the possibility of any relief under section 251.

Since we think petitioners, accordingly, failed to conform to the 80 per cent requirement of section 251, it becomes unnecessary to consider to what extent they might or might not be able to show that the other conditions of that section have been fulfilled.

For the reasons stated, we think the deficiency was correctly determined.

Reviewed by the Court.

*Decisions will be entered for the respondent.*

---

[6] Senator WALSH : Why 80 per cent instead of 60 or 90 per cent?

Dr. ADAMS [Treasury tax adviser] : In order, Senator, to apply this special procedure only to persons practically all of whose business is done outside the United States, an American corporation, if it is doing practically all of its business in China, will pay taxes to us only on the income derived from sources within the United States ; on the other hand, an American corporation which has only casual business abroad or which does 10 per cent of its business abroad will pay taxes on all its income derived from the foreign country, but will be given a credit for the income and profit taxes it pays in the foreign country.

[Hearings before Senate Committee on Finance on H. R. 8245 (Internal Revenue Bill of 1921), 67th Cong., 1st Sess.]