COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Sol MINZER and Adele Minzer, Respondents.

No. 18084.

United States Court of Appeals Fifth Circuit.

June 3, 1960.

Cameron, Circuit Judge, dissented.

Hart H. Spiegel, Chief Counsel, I.R.S., Charles Owen Johnson, Sp. Atty., I.R.S., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C., for petitioner.

Samuel E. Ziegler, Dallas, Tex., Carlyle M. Dunaway, Washington, D. C., General Counsel, National Ass'n of Life Underwriters, of counsel, for respondents.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

We are here concerned with the liability of Sol Minzer and Adele Minzer, his wife, for a federal income tax deficiency for the year 1954. The transactions from which the controversy stems were those of Sol Minzer and he will be referred to as the taxpayer. No issues of fact are presented.

In 1954 the taxpayer was an insurance agent or broker. During that year he procured or kept in force policies of insurance upon his life. As a representative of the insurance companies which had issued the policies he became entitled to commissions on the policies to the same extent as though the insurance had been on the life of someone else. He received the commissions, or the benefit of them, upon these policies on his own life either by remitting the premiums, less commissions, to the companies, or by remitting the premiums in their entirety and receiving back from the companies their checks to him for the amounts of the commissions. The taxpayer did not include these commissions as taxable income in his return for 1954. The Commissioner of Internal Revenue recomputed the tax by the inclusion of the commissions as income and made a deficiency determination. The Tax Court held for the taxpayer. 31 T.C. 1130. Seven

judges dissented. The Commissioner brings the case to us for review.

The Tax Court, or those of the Court who subscribed to the prevailing opinion, placed their decision upon the narrow ground that the taxpayer was a broker and not an employee and hence the transactions were outside the terms of Income Tax Regulations Section 61–2(d) (2).[1] In the prevailing opinion of the Tax Court an unwillingness is expressed to apply the prior administrative rulings[2] holding that commissions received or retained by a life insurance agent on policies upon his own life are income to the agent. This ruling would have been followed by the Tax Court if it had found an employer-employee relationship between the insurance companies and the taxpayer.

The contract between one of the insurance companies, Western States Life Insurance Company, is designated as an agency contract and the taxpayer is therein referred to as "the agent." The contract with the other company, Occidental Life Insurance Company, is called a brokerage agreement. In both contracts the taxpayer was authorized to solicit and submit applications for life insurance and in each contract the percentage of premiums which the taxpayer should receive as commissions was specified. The relationships created by the contracts were substantially the same. It does not seem to us that the tax incidence is dependent upon the tag with which the

1. "Except as otherwise provided * * *, if property is transferred by an employer to an employee for an amount less than its fair market value, regardless of whether the transfer is in the form of a sale or exchange, the difference between the amount paid for the property and the amount of its fair market value at the time of the transfer is compensation and shall be included in the gross income of the employee."

2. "Information is requested relative to the basis on which a ruling relating to insurance commissions was made.

"The particular ruling, which is one of several rulings contained in Treasury Decision 2137, reads as follows:

"Commission retained by agent on his own life insurance policy.—A commission retained by a life insurance agent on his own life insurance policy is held to be income accruing to the agent, and should be included in his return of income for the assessment of the income tax.

"If a life insurance company reduces the standard charge of an insurance policy to a purchaser and the relationship of employer and employee does not exist, the amount by which the policy is reduced can not be considered income at the time of purchase for the reason that it is not 'gain derived from capital, from labor, or from both combined,' nor 'profit gained through a sale or conversion of capital assets' within the meaning of the definition of income as stated in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521; T.D. 3010, C.B. 3, 25. The Board of Tax Appeals has held that the purchase of property at a bargain price does not result in taxable income where the sale is consummated by two persons dealing at arms' length. (See Appeal of Manomet Cranberry Co., 1 B.T.A. 706, C.B. IV–1, 3.)

"The reason that the commission allowed an insurance agent on a policy taken out on his own life is considered income is that the relationship of employer and employee exists between the insurance company and the agent, and inasmuch as the insurance company is under contract to pay the agent commissions on all policies of insurance secured by him, no distinction can logically be made between a commission paid to the agent on account of a policy written on his own life and a commission paid to the agent on account of a policy written on the life of some one else. The commission is paid to the agent as compensation for services rendered as an employee, i. e., on account of business obtained, regardless of whose life is insured, and is 'gain derived from labor,' and therefore taxable income. Furthermore, it is immaterial whether the agent remits to the company the standard charge for such insurance (namely, the amount that would be charged any other person under like conditions) and receives a check for his commission, or whether he remits to the company the standard charge minus his commission. The net result is the same. The agent receives taxable income to the extent of the commission, either actually or constructively. It follows that the amount of commission paid by the insurance company should be reported as income by the insurance agent." G.C.M. 10486, XI–1 C.B. 14.

parties label the connection between them. The agent or broker, or by whatever name he be called, is to receive or retain a percentage of the premiums on policies procured by him, called commissions, as compensation for his service to the company in obtaining the particular business for it. The service rendered to the company, for which it was required to compensate him, was no different in kind or degree where the taxpayer submitted his own application than where he submitted the application of another. In each situation there was the same obligation of the company, the obligation to pay a commission for the production of business measured by a percentage of the premiums. In each situation the result was the same to the taxpayer. The taxpayer obtained insurance which the companies were prohibited by law from selling to him at any discount. 14 Vernon's Tex.Civ.Stat. Insurance Code, Art. 21.21. It cannot be said that the insurance had a value less than the amount of the premiums. It must then be said that a benefit inured to the taxpayer to the extent of his commissions. The benefit is neither diminished nor eliminated by referring, as does the Tax Court, to the word "commission" as a verbal trap. The commissions were, we conclude, compensation for services and as such were income within the meaning of 26 U.S. C.A. (I.R.C.1954) § 61(a) (1).

While, as we have tried to indicate, the Commissioner's contention is sound in principle, it is also to be supported by the long-standing administrative rulings which are to be given great weight. Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791; Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536; Massachusetts Mutual Life Insurance Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 77 L. Ed. 739. The weight so given is not, in our opinion, lightened by the conclusion in the General Counsel's Memorandum, G.C.M. 10486, that there was an employer-employee relationship existing, and the stress there placed upon such relationship, although we think the ruling is applicable as well to independent contractors and others as to those in a technical common law master and servant category.

The Commissioner's position is sustained by precedent as well as upon principle and by administrative ruling. A case such as that before us has recently been decided by the Third Circuit with the result that commissions on insurance paid with respect to policies of the agent were held to be income taxable to him. Ostheimer v. United States, 3 Cir., 1959, 264 F.2d 789. We are in accord with that court's conclusions that the agent did not receive a bargain purchase and that the commissions were neither discounts nor rebates.

It is argued that the doctrine urged by the Commissioner represents an unprecedented extension of the concept of income as is found in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 190, 64 L.Ed. 521. There taxable income was characterized as "the gain derived from capital, from labor, or from both combined." We cannot see that our decision in any way expands the Eisner v. Macomber principle. On the contrary we think our determination is within it. But if the Eisner v. Macomber statement is regarded as a deterrent to the decision we have reached, we are taken from under its interdict by a later case from the Supreme Court where it is said that the phrase in Eisner v. Macomber "was not meant to provide a touchstone to all future gross income questions". Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 477, 99 L.Ed. 483. See Commissioner of Internal Revenue v. LeBue, 351 U.S. 243, 76 S.Ct. 800, 100 L.Ed. 1142.

It follows that the decision of the Tax Court must be and it is hereby

Reversed.

CAMERON, Circuit Judge.

I dissent.