**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Kenneth W. DAEHLER and Mary Daehler, his wife, Respondents.**

**No. 17981.**

United States Court of Appeals
Fifth Circuit.

June 30, 1960.

Carolyn R. Just, Lee A. Jackson, I. Henry Kutz, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., John M. Morawski, Sp. Atty., I. R. S., Hart H. Spiegel, Chief Counsel, I. R. S., Washington, D. C., for petitioner.

Ben Salter, Hollywood, Fla., for respondents.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This Court recently held that an insurance agent's commissions on a life insurance policy purchased on his own life are compensation for services and therefore are taxable income. Commissioner v. Minzer, 5 Cir., 1960, 279 F.2d 338. The Minzer holding is in accord with Ostheimer v. United States, 3 Cir., 1959, 264 F.2d 789.[1] The instant case raises a closely related question. Is a real estate salesman's commission on the sale of a house that the salesman bought for himself taxable income under Section 22(a) of the Internal Revenue Code of 1939?[2] We think it is.

1. See Notes, 58 Mich.L.Rev. 292 (1958) (Ostheimer); 45 Va.L.Rev. 748 (1959) (Minzer); 1959 Duke L.J. 476 (Daehler).

2. Section 22(a) of the Internal Revenue Code of 1939 states: "(a) *General Definition.*—'Gross income' includes gains, profits, and income derived from salaries,

wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, divi-

Kenneth Daehler, the taxpayer, is a real estate salesman in Fort Lauderdale, Florida, employed by Anaconda Properties, Inc. Anaconda is a registered real estate broker. Daehler's commissions are on a sliding scale of 50 to 75 per cent, depending on the volume of sales transacted. The established commission for selling vacant property in the Fort Lauderdale area is ten per cent of the selling price.

For some time Daehler had been looking for ocean front property for himself. Early in July 1952 he made a written offer of $52,500 for ten lots at Willingham Beach, outside of Fort Lauderdale. After conferring with Anaconda's sales manager as to procedure, Daehler made his offer to purchase on an Anaconda form reciting that he offered $52,500 for the property. He signed as "purchaser" and executed a check, payable to Anaconda, in the amount of $5,250, as earnest money, for submission with the offer.

Anaconda's sales manager, at Daehler's request, went to the office of the real estate broker representing the seller and stated that he had a customer who would pay $52,500 in cash. No previous offer had been made for the property, and if the owner had been released from the obligation of paying the ten per cent brokerage commission, he would have sold the property to anyone for the sum of $47,250, the net amount, exclusive of certain taxes and costs, he did receive. Later, the taxpayer substituted a check for $5,250 in favor of the seller's agent.

After the sale was consummated the two real estate brokers divided the commission. Anaconda then paid the taxpayer $1,837.50, representing seventy per cent of its check for $2,625.

A majority of the Tax Court, five judges dissenting, held that since Daehler was buying for himself he was not acting as a salesman; the $1,837.50 was not income to the taxpayer but a reduction in the purchase price. 31 T.C. 722. Simi- larly, in the Minzer case the Tax Court held for the taxpayer on the ground that he was a broker and not an employee. 31 T.C. 1130.

Judge Jones, speaking for the Court in Commissioner v. Minzer denied the validity of these distinctions [279 F.2d 339]:

"It does not seem to us that the tax incidence is dependent upon the tag with which the parties label the connection between them. The agent or broker, or by whatever name he be called, is to receive or retain a percentage of the premiums on policies procured by him, called commissions, as compensation for his service to the company in obtaining the particular business for it. The service rendered to the company, for which it was required to compensate him, was no different in kind or degree where the taxpayer submitted his own application than where he submitted the application of another. In each situation there was the same obligation of the company, the obligation to pay a commission for the production of business measured by a percentage of the premiums. In each situation the result was the same to the taxpayer."

These principles are controlling in the instant case. Like the payments to Minzer and Ostheimer, Daehler's commission was a compensatory payment for services.

■ Daehler performed a service for his employer in regard to real estate purchase identical with the services performed in other transactions. The services were worth 30 per cent of $2,625 to the employer. They were worth 70 per cent of $2,625 to the employee. We see no escape from the conclusion that the amount he received from his employer was compensation for the actions he performed growing out of the employer-em-

dends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * * (26 U.S.C. 1952 ed., Sec. 22.)"

ployee relationship. Compensation for such services is taxable income of whatever kind and in whatever form it is received, short of a specific exception to the broad statutory definition of gross income.

The decision of the Tax Court is reversed with direction that a decision be entered in accordance with the Commissioner's determination that there is a deficiency in income tax for the year 1952 in the amount of $1,283.77, and that there is an addition to tax for 1952 in the amount of $1,022.23 for substantial underestimation of estimated tax for such year.[3]

---

**3.** The Tax Court sustained the Commissioner's determination that the taxpayer and his wife are liable for an addition to tax under Section 294(d) (2) of the 1939 Code, 26 U.S.C.A. § 294(d) (2), for substantial underestimation of their estimated tax. The taxpayer has not appealed from this holding.