JACK WILLIAMS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1011-74.    Filed September 25, 1975.

---

*Herbert Laskin,* for the petitioners.
*William K. Shipley,* for the respondent.

OPINION

DAWSON, *Chief Judge:* Respondent determined a deficiency of $2,270 in petitioner's Federal income tax for the year 1971. The issues presented for our decision are (1) whether the petitioner, a real estate salesman, may exclude from his gross income commissions received from transactions in which he purchased property for his own account, and (2) whether the petitioner, who later reacquired property from a third person to whom he originally sold that same property, may exclude from gross income commissions he received on the initial sale of the property to that third person.

This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. All of the facts have been stipulated by the parties. We adopt the stipulation of facts and the exhibits attached thereto as our findings. The pertinent facts are summarized below.

Jack Williams (hereinafter referred to as petitioner) was a legal resident of Newhall, Calif., at the time he filed his petition herein. His Federal income tax return for 1971 was filed with the Internal Revenue Service Center at Ogden, Utah.

Petitioner worked for Dart Industries (hereinafter referred to as Dart) as a real estate salesman in 1971. He received a 10-percent commission from Dart for each real estate purchase transaction he arranged between Dart and a purchaser. Dart's salesmen were required to return a portion of their commissions if a purchaser defaulted during the first 18 months after purchase and the properties were retaken by Dart.

During 1971 the petitioner purchased some properties from Dart for his own account and paid 10 percent of the purchase price at that time as a downpayment. The total purchase price charged to petitioner was the very same amount that would have

been charged to any other purchaser of those properties. Petitioner then received $5,375 from Dart as commissions on the sales of the properties on his own account. Petitioner apparently purchased the property on his own account only because he knew that an amount equal to his downpayment would be returned to him in the form of his commission, and his out-of-pocket cost would, as a result, be reduced.

Also in 1971 the petitioner arranged a real estate purchase transaction whereby Mr. Ed Fisher purchased certain properties from Dart, and petitioner received $3,790 as his commission. Later in 1971, when Mr. Fisher fell behind in his payments to Dart, petitioner acquired those properties from him, in order to protect his previously earned commissions.

The commissions received by petitioner in 1971 from his own purchases, and the commission from the original sale of property to Mr. Fisher, were included in petitioner's gross receipts on Schedule C of his 1971 Federal income tax return, but the same amounts were deducted as "Reimbursements and Finder's Fees" to arrive at a gross-profit figure for petitioner's real estate business. The net effect of this was that none of these commissions were included in his gross income for 1971.

Petitioner contends that the commissions he received on the property he sold for his own account and those he received on the initial transaction with Mr. Fisher merely amounted to a reduction in the cost of those properties, and thus did not constitute income.

Respondent, on the other hand, contends that the commissions constitute payment for services rendered to petitioner's employer, and thus should be included in his gross income.

In our opinion the petitioner received income in the form of commissions paid to him by his employer, Dart, on the transactions made by petitioner on his own account, and in those transactions in which he purchased property from Mr. Fisher to protect a previously earned commission. In so holding, we agree with the views expressed by the Court of Appeals in *Commissioner v. Daehler*, 281 F. 2d 823 (5th Cir. 1960), revg. 31 T.C. 722 (1959). We will follow it. Cf. *George E. Bailey*, 41 T.C. 663 (1964), following *Commissioner v. Minzer*, 279 F. 2d 338 (5th Cir. 1960).

Compensation for services which takes the form of commissions is specifically included in the definition of gross income,

provided in section 61(a)(1).[1] The specific language of section 1.61-2, Income Tax Regs., under the heading "Compensation for services, including fees, commissions, and similar items," provides: "Wages, salaries, [and] *commissions paid salesmen* * * * are income to the recipients unless excluded by law." (Emphasis added.) The fact that the commissions received by petitioner were derived from transactions in which he was purchasing property for his own account does not alter the commissions' character as income to him. *Commissioner v. Daehler, supra.*

In a similar case involving stockbroker commissions, we held that commissions received by a stockbroker on the purchase of securities for his own account were taxable income to him. *Leonard J. Kobernat,* T.C. Memo. 1972-132. The only real difference between that case and this one is the nature or form of the assets involved.

In *Ostheimer v. United States,* 264 F. 2d 789 (3d Cir. 1959), substantially the same situation existed. That case, however, involved a life insurance agent rather than a real estate salesman. During 1947, 1948, and 1949, the taxpayer conducted a business as a life insurance agent. He had a contract with 11 different life insurance companies under which he was to receive a commission on each life insurance policy he wrote for them. During the tax years involved the taxpayer was the owner and beneficiary of life insurance policies which he had purchased on the lives of his business partner and three of his key employees. In addition, four of his children also owned policies issued on their lives which were paid for by the taxpayer and given to his children. In his joint Federal income tax returns for those years, he did not include in gross income any of the amounts equal to the commissions he received on the policies involved. In the *Ostheimer* case, as in the present case, the taxpayer contended that the commissions he received on the premiums he paid were simply his "discount," and not income.

The Court of Appeals stated (264 F. 2d at 792):

the life insurance companies paid taxpayer commissions on the premiums as compensation for his services in placing the policies involved. The payments were in discharge of the contractual obligation of the insurance companies to pay taxpayer commissions on all premiums paid on policies which he wrote. In

---

[1] All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

other words, the commissions were a "payment in return for services rendered", and as such constituted "gross income."

The *Ostheimer* case is virtually indistinguishable from the instant case, the only difference being the nature of the asset involved. We think the reasoning of the *Ostheimer* case is equally applicable here.

Petitioner attempts to avoid characterization of the commissions as income by calling them a reduction in price. While it is true that petitioner's out-of-pocket costs are 10 percent less than that of other purchasers, the purchase price paid by him was exactly the same for him as it was for any other purchaser. Any reduction in petitioner's out-of-pocket costs was the result of the commission paid him by Dart, not a reduction in price. Petitioner's costs were less than those of other purchasers since he had done what none of the other purchasers had done—rendered services to his employer, Dart, for which he was paid his usual commission. Dart did not lower the price of the properties for petitioner, nor did it sell the property to petitioner at a bargain price. It sold the property to him at its normal price, for which petitioner was paid a commission.

Petitioner's argument appears to be that since he, acting as a salesman, expended no effort in arranging the transaction, i.e., he did not have to find a suitable buyer and take him out to show him the property, the commissions paid to him do not constitute compensation. But, in fact, petitioner's services in this transaction were exactly the same as the services he rendered in all his other sales. He found a buyer (himself) willing and able to purchase property from his employer, and for this service he was paid his usual commission.

Petitioner would have us draw an analogy between his situation and the "little old lady" who goes to the grocery store and buys ground beef on sale for 79 cents per pound, reduced from the previous day's price of 89 cents a pound. He argues that both are in the class of individuals who were intended to be benefited by the lower price. He compares the person who has bought beef for 10 cents less than the day before with the petitioner who has received a 10-percent commission on the sale of property to himself. The analogy is inappropriate. The "little old lady" is a customer only, while petitioner is an agent, or employee, who is being paid for his services. The "little old lady" has rendered no services which entitle her to compensation. She has merely

received a "bargain" by purchasing a product available to every member of the consuming public who happens to shop in that particular store.

Petitioner relies on *Benjamin v. Hoey*, 139 F. 2d 945 (2d Cir. 1944), to support his argument. There the taxpayer was a partner in a stock brokerage firm. He bought and sold securities through the firm for his personal account and paid to it the normal brokerage commission on each transaction. The court in that case held that the taxpayer's share of his own commissions was not taxable income. It is clearly distinguishable on its facts. The taxpayer paid his share of the commissions to himself (as partner in the brokerage firm), while the petitioner here paid the purchase price to Dart, his employer. In the instant case there was no partnership relationship between petitioner and Dart, only an employee-employer relationship.

Petitioner also received commissions on the sale of real estate to Mr. Fisher. This property was subsequently reacquired by petitioner to preserve the commission he made on the initial sale of the property. He argues that this situation should be treated the same as if he had originally purchased the property on his own account. We agree and conclude that these commissions must likewise be included in his gross income for the taxable year 1971.

*Decision will be entered for the respondent.*

Reviewed by the Court.

FORRESTER, *J.,* concurring: On the sale to Ed Fisher petitioner earned his $3,790 commission when the sale was made and his subsequent buy from Fisher had no effect on that completed transaction, but it did save petitioner from having to refund a part of that commission to Dart and petitioner should now be able to capitalize that saving as a part of his cost in the Fisher properties.

FEATHERSTON, *J.,* agrees with this concurring opinion.